# THE CHASTLETON CORPORATION ET AL. *v.* SINCLAIR ET AL., RENT COMMISSION OF THE DISTRICT OF COLUMBIA, ET AL.

## APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 467.   Argued March 12, 13, 1924.—Decided April 21, 1924.

1. The remedy by appeal from orders of the Rent Commission afforded by the District of Columbia Rent Act, *held* not an adequate remedy at law precluding equity jurisdiction of a suit attacking an order upon the grounds that the statute itself is unconstitutional and that the order affects parties who were strangers to the proceedings in which it was made.   P. 547.

2. The Act of October 22, 1919, regulating rents in the District of Columbia, and upheld as an emergency measure in *Block* v. *Hirsh,* 256 U. S. 135, was continued in force by a subsequent act until May 22, 1922, on which day a third act, declaring that the emergency still existed, reënacted the law with amendments and provided that it continue until May 22, 1924.   *Held:*

(a) A law depending upon the existence of an emergency or other certain state of facts to uphold it may cease to operate if the emergency ceases or the facts change.   P. 547.

(b) Where an order of the Rent Commission, although retrospective, was passed some time after the last of the above mentioned statutes, it was open to the courts to inquire whether the exigency still existed upon which continued operation of the law depended. P. 548.

(c) Allegations in the bill in this case that the emergency had ceased in 1922, cannot be declared offhand to be unmaintainable, in view of judicial knowledge of present conditions in Washington.   *Id.*

(d) This Court may ascertain as it sees fit any fact that is merely a ground for laying down a rule of law.   *Id.*

(e) But where it was material to know conditions at different dates in the past, *held* that, for convenience, the facts should be gathered and weighed by the court of first instance and the evidence preserved for consideration by this Court if necessary.   P. 549.

290 Fed. 348, reversed.

APPEAL from a decree of the Court of Appeals of the District of Columbia affirming a decree of the Supreme Court of the District, which dismissed on motion a bill to restrain the enforcement of an order of the Rent Commission cutting down the rents in an apartment house.

*Mr. W. Gwynn Gardiner* for appellants.

The facts alleged by the bill and admitted by the motion to dismiss establish that no emergency existed in the District of Columbia, at the time of the passage of the Rent Act in question, at the time of the proceedings before the Rent Commission involving the property in question, or at the time of the filing of this suit.

In like manner it is an admitted fact that the demand for apartments in the District of Columbia at the time of the filing of this bill and at the time of the passage of the act was not as great as the number of apartments offered for rent.

While a declaration by a legislature concerning public conditions is entitled to at least great respect, yet it may not be held conclusive by the courts when the facts in the record show contrary conditions to exist. See *Shoemaker* v. *United States*, 147 U. S. 282; *Hairston* v. *Danville & Western Ry. Co.*, 208 U. S. 598; *Prentis* v. *Atlantic Coast Line Co.*, 211 U. S. 210; *Producers Transp. Co.* v. *Railroad Comm.*, 251 U. S. 228; *Block* v. *Hirsh*, 256 U. S. 135; *Mugler* v. *Kansas*, 123 U. S. 661; *Buchanan* v. *Warley*, 245 U. S. 60.

There being no emergency, enforcement of the act becomes violative of the Fifth Amendment. *Missouri Pacific Ry. Co.* v. *Nebraska*, 164 U. S. 403; *Wilkinson* v. *Leland*, 2 Pet. 627; *Monongahela Nav. Co.* v. *United States*, 148 U. S. 312; *Ochoa* v. *Hernandez*, 230 U. S. 139; *Adkins* v. *Children's Hospital*, 261 U. S. 525; *Pennsylvania Coal Co.* v. *Mahon*, 260 U. S. 393.

*Mr. Chapin Brown* and *Mr. Robert H. McNeill* for appellees.

The Rent Act and amendments provide for a full judicial hearing by appeal.

The Rent Commission acquired full jurisdiction over the parties in interest, and the subject matter to be adjudicated.

When this Court, in *Block* v. *Hirsh,* 256 U. S. 135, held the Rent Act of October 22, 1919, constitutional, it necessarily decided that, when the same or similar conditions exist, Congress has the constitutional right to enact the same or similar legislation, either of a temporary or a permanent duration.

Acting upon this constitutional right, Congress, by Act of August 24, 1921, first extended the Rent Act for seven months, and by the Act of May 22, 1922, extended it for two more years, to May 22, 1924. In the last mentioned act, Congress determined: " That it is hereby declared that the emergency described in Title II of the Food Control and the District of Columbia Rents Act still exists and continues in the District of Columbia, and that the present housing and rental conditions therein require the further extension of the provisions of such title."

This Court has decided that such a legislative declaration is binding upon the courts. *United States* v. *Des Moines Nav. & Ry. Co.,* 142 U. S. 510; *Moeschen* v. *Tenement House Dept.,* 203 U. S. 583; *Jacobson* v. *Massachusetts,* 197 U. S. 11; *Holden* v. *Hardy,* 169 U. S. 391; *Gardner* v. *Michigan,* 199 U. S. 325; *Levy Leasing Co.* v. *Siegel,* 258 U. S. 242.

The power of Congress over the District of Columbia (Const. Art. I, § 8) is greater than that which the States may exercise within their dominions. It is practically a war power, even in times of peace, because the right " to exercise exclusive legislation in all cases whatsoever, over forts," etc., is in fact a war power, and Congress has the same power to enact such legislation for the District of Columbia, at all times.

The allegation in the bill that no emergency exists is a mere conclusion, not admitted by the motion to dismiss. Such allegations cannot overcome the solemn determination of Congress. *United States* v. *Des Moines Nav. & Ry. Co.,* 142 U. S. 510.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a bill in equity brought to restrain the enforcement of an order of the Rent Commission of the District of Columbia cutting down the rents for apartments in the Chastleton apartment house in this city. The defendants are the Rent Commission and the tenants of the building. The order was passed on August 7, 1922, and purports to fix the reasonable rates from the preceding first of March. The bill seems to have been filed on October 27, 1922, and seeks relief on several grounds. The first and most important is that the emergency that justified interference with the ordinarily existing private rights in 1919 had come to an end in 1922, and no longer could be applied consistently with the Fifth Amendment of the Constitution. Subordinate ones are that the plaintiff Hahn bought the premises on September 25, 1922, it would seem under foreclosure of a preëxisting mortgage or deed of trust, and that he and his grantee, the Chastleton Corporation, were strangers to the proceeding before the Commission and not bound by it, but that the tenants not only were relying upon it but were making it a ground for demanding repayment from the Corporation of rents paid in excess of the sums fixed by the Commission after March 1, 1922, although the Corporation did not receive them. On motion the bill was dismissed by the Courts below, the Court of Appeals, in view of *Block* v. *Hirsh,* 256 U. S. 135, leaving it for this Court to say whether conditions had so far changed as to affect the constitutional applicability of the law. The allegations do not make the position of the

Chastleton Corporation and Hahn sufficiently clear and therefore we feel bound to consider the constitutional question that the bill seeks to raise.

It is objected that the plaintiffs have an adequate remedy at law by way of appeal. But apart from the fact that it is doubtful whether the Chastleton Corporation and Hahn were not entitled to treat the order as a nullity so far as they were concerned, it is open to equal doubt whether in a proceeding under the law they could assail its validity. There are many tenants to be dealt with. However looked at a bill in equity is the natural and best way of settling the parties' rights. See e. g. *Marcus Brown Holding Co.* v. *Feldman,* 256 U. S. 170.

The original Act of October 22, 1919, c. 80, Title II, 41 Stat. 297, considered in *Block* v. *Hirsh,* was limited to expire in two years. § 122. The Act of August 24, 1921, c. 91, 42 Stat. 200, purported to continue it in force, with some amendments, until May 22, 1922. On that day a new act declared that the emergency described in the original Title II still existed, reënacted with further amendments the amended Act of 1919, and provided that it was continued until May 22, 1924. Act of May 22, 1922, c. 197, 42 Stat. 543.

We repeat what was stated in *Block* v. *Hirsh,* 256 U. S. 135, 154, as to the respect due to a declaration of this kind by the legislature so far as it relates to present facts. But even as to them a Court is not at liberty to shut its eyes to an obvious mistake, when the validity of the law depends upon the truth of what is declared. 256 U. S. 154. *Chas. Wolff Packing Co.* v. *Court of Industrial Relations,* 262 U. S. 522, 536. And still more obviously so far as this declaration looks to the future it can be no more than prophecy and is liable to be controlled by events. A law depending upon the existence of an emergency or other certain state of facts to uphold it may cease to operate if the emergency ceases or the facts change even though

valid when passed. *Perrin* v. *United States,* 232 U. S. 478, 486, 487. *Missouri* v. *Chicago, Burlington & Quincy R. R. Co.,* 241 U. S. 533, 539, 540. In *Newton* v. *Consolidated Gas Co.,* 258 U. S. 165, a statutory rate that had been sustained for earlier years in *Willcox* v. *Consolidated Gas Co.,* 212 U. S. 19, was held confiscatory for 1918 and 1919.

The order, although retrospective, was passed some time after the latest statute, and long after the original act would have expired. In our opinion it is open to inquire whether the exigency still existed upon which the continued operation of the law depended. It is a matter of public knowledge that the Government has considerably diminished its demand for employees that was one of the great causes of the sudden afflux of people to Washington, and that other causes have lost at least much of their power. It is conceivable that, as is shown in an affidavit attached to the bill, extensive activity in building has added to the ease of finding an abode. If about all that remains of war conditions is the increased cost of living, that is not in itself a justification of the act. Without going beyond the limits of judicial knowledge, we can say at least that the plaintiffs' allegations cannot be declared offhand to be unmaintainable, and that it is not impossible that a full development of the facts will show them to be true. In that case the operation of the statute would be at an end.

We need not enquire how far this Court might go in deciding the question for itself, on the principles explained in *Prentis* v. *Atlantic Coast Line Co.,* 211 U. S. 210, 227. See *Gardner* v. *Collector,* 6 Wall. 499. *South Ottawa* v. *Perkins,* 94 U. S. 260. *Jones* v. *United States,* 137 U. S. 202. *Travis* v. *Yale & Towne Manufacturing Co.,* 252 U. S. 60, 80. These cases show that the Court may ascertain as it sees fit any fact that is merely a ground for laying down a rule of law, and if the question

were only whether the statute is in force today, upon the facts that we judicially know we should be compelled to say that the law has ceased to operate. Here however it is material to know the condition of Washington at different dates in the past. Obviously the facts should be accurately ascertained and carefully weighed, and this can be done more conveniently in the Supreme Court of the District than here. The evidence should be preserved so that if necessary it can be considered by this Court.

*Judgment reversed.*

MR. JUSTICE BRANDEIS, concurring in part.

So far as concerns The Chastleton Corporation and Hahn, I agree that the decree should be reversed. So far as concerns the plaintiff Lake, the bill was properly dismissed for want of equity; among other reasons, because his administrative appeal from the order of the Rent Commission was pending in the Supreme Court of the District when this suit was begun, and still remains undisposed of. *Prentis* v. *Atlantic Coast Line Co.,* 211 U. S. 210.

If protection of the rights of The Chastleton Corporation and Hahn required us to pass upon the constitutionality of the District Rent Acts, I should agree, also, to the procedure directing the lower court to ascertain the facts. But, in my opinion, it does not. For (on facts hereinafter stated which appear by the bill and which were, also, admitted at the bar) the order entered by the Commission is void as to them, even if the Rent Acts are valid. To express an opinion upon the constitutionality of the acts, or to sanction the enquiry directed, would, therefore, be contrary to a long-prevailing practice of the Court.[1]

---

[1] " It [the Court] has no jurisdiction to pronounce any statute, either of a State or of the United States, void, because irreconcilable with the Constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies. In the exercise of that

The District Rent Act of 1921 (which was in force when the proceeding before the Commission was begun, and thereafter until May 22, 1922) provides, that in all " cases the commission shall give notice personally or by registered mail and afford an opportunity to be heard to all parties in interest." Act of October 22, 1919, c. 80, Title II, § 106, 41 Stat. 297, 300, as amended by Act of August 24, 1921, c. 91, 42 Stat. 200. The District Rent Act of 1922 (which was in force when the order of the Commission was entered) amended this clause concerning notice by adding thereto the words: *" Provided,* That notice given by the commission to an agent for the collection of rents due his principal shall be deemed and held to be good and sufficient notice to the principal." Act of May 22, 1922, c. 197, § 7, 42 Stat. 543, 546.

The proceeding in which the order of the Rent Commission issued was begun January 25, 1922. Its order was entered August 7, 1922. When the proceeding before the Commission was begun, the plaintiff Lake was the owner of the property subject to mortgages theretofore executed

jurisdiction, it is bound by two rules, to which it has rigidly adhered, one, never to anticipate a question of constitutional law in advance of the necessity of deciding it; the other never to formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied. These rules are safe guides to sound judgment. It is the dictate of wisdom to follow them closely and carefully." *Steamship Co.* v. *Emigration Commissioners,* 113 U. S. 33, 39.

" Whenever, in pursuance of an honest and actual antagonistic assertion of rights by one individual against another, there is presented a question involving the validity of any act of any legislature, State or Federal, and the decision necessarily rests on the competency of the legislature to so enact, the court must, in the exercise of its solemn duties, determine whether the act be constitutional or not; but such an exercise of power is the ultimate and supreme function of courts. It is legitimate only in the last resort, and as a necessity . . ." *Chicago & Grand Trunk Ry. Co.* v. *Wellman,* 143 U. S. 339, 345. Compare *Atherton Mills* v. *Johnston,* 259 U. S. 13.

and duly recorded.   After the order was entered (and while that proceeding was pending on appeal in the Supreme Court of the District) the plaintiff Hahn purchased the property under the foreclosure of one of these mortgages.   Thereafter, and before the institution of this suit, Hahn conveyed the property to his co-plaintiff, The Chastleton Corporation.   Hahn and the corporation do not claim title under Lake.   They claim title as purchasers under the foreclosure of a mortgage which antedated Lake's purchase.   Notice of the proceedings before the Commission was never served on the holder of the mortgage; and, of course, not on Hahn or on The Chastleton Corporation.   The only notice ever served on anyone was that given, on January 25, 1922, " To the F. H. Smith Co., Agent".—That company was then the rental agent of the property for Lake.   It had no authority to represent in any way either the mortgagee or those claiming under him.

As the required notice was not served on the mortgagee, nor on those claiming under him, and as F. H. Smith Co. was not the agent of any of them, the order is necessarily void as to The Chastleton Corporation and Hahn.   The doctrine of *lis pendens* has no application to persons so situated.   *Terrell* v. *Allison*, 21 Wall. 289; *Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co.* v. *Long Island Loan & Trust Co.*, 172 U. S. 493.   And Congress did not undertake to make the proceeding one *in rem* binding upon all the world regardless of lack of notice.