ORINOCO REALTY CO., INC., Appellant, *v.* MARTIN H. GOODKIND, Respondent.

**Landlord and tenant — validity of extension of the Emergency Rent Laws.**

While the validity of the extension of the Rent Laws by chapter 6 of the Laws of 1924 depends upon the fact that the emergency in the housing conditions still exists, it cannot be said that the Legislature acting upon the report of its commission, made such " an obvious mistake " as to justify the court in declaring its act unconstitutional.

*Orinoco Realty Co.* v. *Goodkind*, 209 App. Div. 863, affirmed.

(Argued October 6, 1924; decided November 25, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 14, 1924, unanimously affirming a judgment in favor of defendant entered upon an order of Special Term granting a motion for a dismissal of the complaint for failure of plaintiff to file a bill of particulars as required under the Emergency Rent Law (L. 1920, ch. 944, and L. 1924, ch. 6).

The action was brought to recover rent of an apartment at No. 1000 Park avenue, in the borough of Manhattan, city and State of New York, used by the defendant for

dwelling purposes. The defendant pleaded the statutory defense under the Emergency Rent Laws that the rent sought to be recovered was unjust and unreasonable, and that the alleged agreement under which the same was sought to be recovered was oppressive, and demanded a bill of particulars as provided by such laws, and plaintiff having refused to file the same moved for judgment. Plaintiff opposed this motion on the ground that chapter 6 of the Laws of 1924, extending the Rent Law, is, so far as the litigants here before the court are concerned, inoperative and, if construed as available to the defendant, invalid and unconstitutional under both State and Federal Constitutions.

*Lewis M. Isaacs* for appellant. The original Housing Laws of 1920 were upheld as constitutional, only upon the theory that they were emergency measures, designed to tide over a temporary condition. With the passage of that condition, they become inoperative and void. (*Chastleton Corporation* v. *Sinclair,* 264 U. S. 543; *Block* v. *Hirsch,* 256 U. S. 135; *Marcus Brown Holding Co.* v. *Feldman,* 269 Fed. Rep. 306; *People ex rel. Durham Realty Corp.* v. *La Fetra,* 230 N. Y. 429; *Penn. Coal Co.* v. *Mahon,* 260 U. S. 393; *Adkins* v. *Children's Hospital,* 261 U. S. 525.) The question of whether or not the emergency conditions upon which the constitutional validity of the rent statutes depend continued to such an extent at the time of the passage of chapter 6 of the Laws of 1924 as to justify the extension of the laws without modification is properly before the court for determination. (*Prentis* v. *Atlantic Coast Line Co.,* 211 U. S. 210; *People* v. *Weller,* 237 N. Y. 316; *Wolff Packing Co.* v. *Court of I. R.,* 262 U. S. 522; *D. W. Milling Co.* v. *Bondurant,* 257 U. S. 282.) The application of the Rent Laws extended and unchanged to the character of apartment and class of tenant here involved is no longer constitutionally permissible. (*Commonwealth* v. *Boston Transcript*

*Co.,* 144 N. E. Rep. 400; *Tenement House Dept.* v. *Mc-Devitt,* 215 N. Y. 160; *Engel* v. *O'Malley,* 219 U. S. 128; *Dillingham* v. *McLaughlin,* 264 U. S. 370; *H. & M. Co.* v. *Worst,* 207 U. S. 338; *McLean* v. *Arkansas,* 211 U. S. 539; *C. O. Co.* v. *Mississippi,* 257 U. S. 129; *Armour & Co.* v. *North Dakota,* 240 U. S. 510; *Terminal Taxicab Co.* v. *Dist. of Columbia,* 241 U. S. 252.)

*Abraham L. Gutman* and *William Victor Goldberg* for respondent. The extension of the Rent Laws is constitutional. (*Levy Leasing Co.* v. *Siegel,* 258 U. S. 242; *Chastleton Corp.* v. *Sinclair,* 264 U. S. 543; *Heisler* v. *Thomas Colliery Co.,* 260 U. S. 245; *Hebe Co.* v. *Shaw,* 248 U. S. 297; *Price* v. *Illinois,* 238 U. S. 446; *Radice* v. *People of the State of New York,* 264 U. S. 292; *Comcl. Trust Co.* v. *Miller,* 262 U. S. 51; *O' Keefe* v. *United States,* 240 U. S. 295; *People* v. *Weller,* 237 N. Y. 316; *People* v. *Schweinler Press,* 214 N. Y. 395; *Wolff Packing Co.* v. *Court of I. R.,* 262 U. S. 522.)

*Carl Sherman, Attorney-General* (*Edward G. Griffin* of counsel), for the People of the State of New York. The housing reports submitted to the Legislature being some evidence justifying the legislative declaration of the existence of an emergency, this court should be foreclosed thereby and should not substitute its judgment as to the necessity of the extension of Rent Laws. (*Chastleton Corp.* v. *Sinclair,* 264 U. S. 543; *People* v. *Schweinler Press,* 214 N. Y. 395; *People* v. *Radice,* 264 U. S. 292; *People* v. *Williams,* 189 N. Y. 131; *Jones* v. *Brim,* 165 U. S. 180; *Lemieux* v. *Young,* 211 U. S. 489; *McLean* v. *Arkansas,* 211 U. S. 539; *Truax* v. *Corrigan,* 257 U. S. 312; *Booth* v. *Illinois,* 184 U. S. 425; *Tanner* v. *Little,* 240 U. S. 369; *Coppage* v. *Kansas,* 236 U. S. 1; *Erie R. R. Co.* v. *Williams,* 233 U. S. 685.)

*Clarence M. Lewis* and *Bernard L. Shientag* for Bureau of Housing and Regional Planning of the State of New York.

*Per Curiam.*    Chapter 6 of the Laws of 1924 extending the Rent Laws is dependent for its validity upon the continuation of the emergency which caused the enactment of the original laws, chapters 942 and 944 of the Laws of 1920. A commission created by the Legislature in 1923, known as " The Commission of Housing and Regional Planning," apparently made a full and complete survey of the situation in New York city and reported that conditions had not materially improved. With this information before it, the Legislature extended the Rent Laws for two years. While the validity of this extension depends upon the fact that the emergency in the housing conditions in New York city still exists (*Chastleton Corp. v. Sinclair,* 264 U. S. 543) we cannot say that the Legislature in acting upon this report of its commission made such an " obvious mistake " (*Chastleton Corp. v. Sinclair,* 264 U. S. 543) as to justify us in declaring its act unconstitutional. Certainly there is a basis for a finding that a shortage exists in the cheaper apartments. The Legislature might not unreasonably say that at the present time a removal of the restrictions from the more expensive apartments would increase the pressure upon the cheaper ones, and make the shortgage more acute. " Where the constitutional validity of a statute depends upon the existence of facts, courts must be cautious about reaching a conclusion respecting them contrary to that reached by the Legislature; and if the question of what the facts establish be a fairly debatable one, it is not permissible for the judge to set up his opinion in respect to it against the opinion of the law maker " (*Radice v. People of the State of New York,* 264 U. S. 292, at p. 294).

The judgment should be affirmed with costs.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment affirmed.