## WHALEY et al. v. NORMENT et al.

(Court of Appeals of District of Columbia. Submitted May 4, 1925.　Decided June 1, 1925.)

No. 4268.

1. **Landlord and tenant ⬥200(1½)—Emergency no longer existing, act creating rent commission is unconstitutional, except as applied to cases arising when emergency did exist.**

The justifying emergency no longer existing, Act May 17, 1924, continuing by a second extension Act Aug. 24, 1921, creating rent commission of District of Columbia, is unconstitutional and of no force or effect, except in cases arising when emergency existed.

2. **Appeal and error ⬥781(5)—Appeal by rent commission after expiration of life of commission under statute held to present but moot case.**

Where, pending appeal from decree enjoining rent commission of District of Columbia from interfering with proceedings instituted by landlord in municipal court, the life of the commission under Act Aug. 24, 1921, and Act May 17, 1924, expired, *held*, commission was without power to prosecute or defend appeal, and only moot case presented.

Appeal from the Supreme Court.

Suit by Harry Norment and Charles Linkins against Richard S. Whaley and others, composing the Rent Commission of District of Columbia. Decree for plaintiffs, and defendants appeal. Affirmed.

A. C. Wells, of Washington, D. C., for appellants.

Charles Linkins, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.　This appeal is by Richard S. Whaley, Clara Sears Taylor, William F. Gude, Oliver Metzerott, and Thomas E. Peeney, commissioners, composing the rent commission of the District of Columbia, from a decree of the Supreme Court of the District temporarily enjoining them and one Abe Bowen, the tenant, from taking any action, proceedings, or steps in a cause pending before said rent commission to determine the reasonable rental of premises No. 830 New Hampshire avenue, in the city of Washington.

The appellees had an action pending in the municipal court for the eviction and dispossession of the tenant, Bowen, for failure to pay his rent and perform the other conditions of his contract. Pending that action, Bowen brought the proceeding here in question before the rent commission, and it was to restrain the rent commission from interfering in any way with the proceedings in the municipal court that the present injunction was issued.

[1] The case can be disposed of on the authority of Peck v. Fink, 55 App. D. C. 110, 2 F.(2d) 912, where this court held, following the opinion of the Supreme Court in Chastleton Corporation v. Sinclair, 264 U. S. 543, 44 S. Ct. 405, 68 L. Ed. 841, that the emergency which originally justified the creation of the rent commission no longer existed, and that the act of May 17, 1924 (43 Stat. 120), continuing, by a second extension the act of August 24, 1921 (42 Stat. 200), was unconstitutional and of no force or effect, except in cases arising at the time when the emergency existed. This case does not come within the exception. The rent commission, therefore, was totally without jurisdiction or authority to proceed, and thereby unlawfully embarrass and damage the appellees.

[2] However, a more potent reason exists for denying relief, since the act of 1924, extending the life of the rent commission, expired on May 22, 1925. The rent commission is now out of existence, and, whatever its powers may have been, either de jure or de facto, prior to that date, has been terminated by operation of law. It is without jurisdiction to prosecute or defend this appeal, or to act officially in any capacity whatever, and the present case is therefore moot. The municipal court unquestionably had jurisdiction of the case against appellant Bowen, and he could not divest or limit that jurisdiction by resorting to a tribunal which was without constitutional authority to entertain his case.

The decision is affirmed, with costs.