**DISTRICT OF COLUMBIA v. McKEE.**

Court of Appeals of District of Columbia.

Submitted February 6, 1928. Decided March 5, 1928.

No. 4624.

1. **Statutes** ⊜⟞64(2)—**Emergency legislation must stand or fall with act of which it is a part (Act May 17, 1924, § 3 [43 Stat. 121]).**

Section 3, Act May 17, 1924 (43 Stat. 121), extending provisions of title 2 (sections 101–122) of the Food Control and District of Columbia Rents Act (41 Stat. 298), being an emergency act, legislation must stand or fall with act of which it is a part.

2. **Statutes** ⊜⟞64(2)—**Law relating to posting of rates in hotels, being part of unconstitutional law, held invalid (Act May 17, 1924, § 3 [43 Stat. 121]).**

Act May 17, 1924 (43 Stat. 120), extending for the period of one year the provisions of title 2 (sections 101–122) of the Food Control and District of Columbia Rents Act (41 Stat. 298), being unconstitutional because of fact that emergency no longer existed, section 3 of the former act (43 Stat. 121), relating to posting of rates in hotels, *held* likewise invalid and inoperative.

In Error to the Police Court of the District of Columbia.

Prosecution by the District of Columbia against Ralph McKee, wherein defendant filed a motion to quash the information. Judgment for defendant, and plaintiff brings error. Affirmed.

R. B. Keech, of Washington, D. C., for plaintiff in error.

E. F. Colladay, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BLAND, Judge of United States Court of Customs Appeals.

ROBB, Associate Justice. This is a writ of error to the police court of the District of Columbia, and involves the validity of that part of section 3 of the Act of May 17, 1924 (43 Stat. 120), entitled "An act to extend for the period of one year the provisions of

title 2 of the Food Control and the District of Columbia Rents Act, approved October 22, 1919, as amended," reading as follows:

"That the proprietor, manager, owner, or other person in charge of and conducting any hotel in the District of Columbia shall post in a conspicuous place in each room thereof a card or sign plainly stating the price per day of such room, and a copy of such rates for each room shall be filed with the Commissioners of the District of Columbia. In case the hotel is conducted on the American plan, the rates for meals shall be posted in a conspicuous place in each room of the hotel. Such cards or signs, both with reference to rooms and meals, shall be dated as of the day on which they are posted. The rates charged for rooms shall not be advanced in less than thirty days from the date of the approval of the said commissioners of the written application therefor, and in the event an advance in rates is granted the same requirements with reference to posting of notices and filing copies thereof with the Commissioners of the District of Columbia, as above provided, shall apply.

"Any person, firm, or corporation who shall violate any of the provisions of this act, or who shall charge any guest a rate in excess of said posted rates, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not less than $10 nor more than $100 for each offense."

In the complaint against the defendant in error it was alleged that on the 23d day of October, 1924, he was the manager of "a certain hotel in the District of Columbia," and failed to post in a conspicuous place in each room of the hotel a card or sign plainly stating the price per day of the room, and failed to file with the commissioners of the District a copy of such rates for each room of the hotel, in violation of law. Thereupon counsel for defendant in error filed a motion to quash the information on the ground, among others, that the emergency giving rise to the enactment of the statute upon which it was based had ceased to exist on the date of its passage. The court below accepted this view, and sustained the motion.

In section 1 of the Act of May 17, 1924, it is "declared that the emergency described in title 2 of the Food Control and the District Rents Act still exists and continues in the District of Columbia, and that the pres-

ent housing and rental conditions therein require the further extension of the provisions of such title." Section 2 provides: "That title 2 of the Food Control and the District of Columbia Rents Act, as amended, is re-enacted, extended, and continued, *as hereinafter amended,* [Italics ours] until the 22d day of May, 1925. * * * "

[1] The above-quoted provision in section 3, relating to hotels, was one of the amendments referred to, and by the language of section 2 was not to continue in force beyond the date of the expiration of the act, namely, May 22, 1925. Reading the Act of May 17, 1924, as a whole, the conclusion is irresistible that the provision therein relating to hotels was, as were the other provisions of the act, emergency legislation. In section 1 Congress declared the existence of an emergency, and in section 2, because of the existence of such emergency, the Rents Act, "as amended," and "as hereinafter amended," was re-enacted, extended, and continued until May 22, 1925. Moreover, the provision in question constitutes a part of a general scheme embraced in the "Food Control and the District of Columbia Rents Act." Being emergency legislation, it must stand or fall with the act of which it is a part.

[2] In Peck v. Fink, 55 App. D. C. 110, 2 F.(2d) 912, the validity of the Act of May 17, 1924, was involved, and this court, after review of the decision of the Supreme Court of the United States in Chastleton Corp. v. Sinclair, 264 U. S. 543, 44 S. Ct. 405, 68 L. Ed. 841 (dated April 21, 1924), and after referring to the declaration by that court that the emergency upon which the Rents Act was based had ceased to exist, said: "While it is true that after such declaration, or on May 17, 1924, Congress purported to continue the legislation in force for still another year, there was no constitutional basis for the legislation; the Supreme Court having declared the emergency at an end upon facts judicially known to the court. The opinion of the court is so clear and direct as to leave no room for doubt as to its meaning, and our plain duty is to apply it in the case before us."

The opinion in Peck v. Fink is decisive of the question here involved. The judgment is affirmed.

Affirmed.