SARAH KRIMKE, ADMINISTRATRIX CUM TESTAMENTO ANNEXO OF THE ESTATE OF FANNY FEIST, DECEASED, PLAINTIFF-APPELLANT, v. GUARANTEE BUILDING AND LOAN ASSOCIATION OF THE CITY OF NEWARK, NEW JERSEY, AND JULIUS E. FLINK, AS CONSERVATOR, ETC., DEFENDANTS-RESPONDENTS.

Submitted October 27, 1933—Decided February 2, 1934.

For the appellant, *Schotland & Schotland.*

For the respondents, *Charles Hood.*

The opinion of the court was delivered by

DONGES, J. Plaintiff-appellant, as administratrix *cum testamento annexo* of the estate of Fanny Feist, deceased, brought suit in the Essex County Circuit Court to recover four months rent alleged to be due under a lease between appellant's predecessors, as executors and trustees, with the defendant Guarantee Building and Loan Association. It is alleged in the complaint that the defendant Julius E. Flink was appointed conservator of the Guarantee Association by the commissioner of banking and insurance. This appointment was made under the provisions of chapter 258 of the laws of 1933, page 694.

Motion was made to strike the complaint and the Circuit Court judge ordered the complaint stricken.

The question raised on this appeal is whether the act above mentioned deprives the appellant of the right to begin suit

against the association and conservator. The act recites in a preamble that a public emergency exists. In subdivision (g) of the first section it is provided that the commissioner of banking and insurance may, "whenever it is essential, in the public interest," appoint a conservator or conservators for a building and loan association, and "such conservators shall have all the rights, powers and privileges now possessed by, or hereafter given, receivers of corporations * * *" and "during the time that such conservator remains in possession of such association, the rights of all parties with respect thereto shall, subject to the provisions of this subchapter, be the same as if a receiver had been appointed therefor."

The clear purpose of the act was to prevent hard-pressed building and loan associations from being ruined by forced liquidation through one creditor attempting to secure a preference over another creditor by obtaining judgment. It does not suspend the right of the creditor to press for payment of its claim, nor does it prohibit payment of debts, but it does, by providing that the situation shall be the same as in a receivership, prevent the beginning of a suit in which judgment may be obtained, execution issued and the assets of the association sold in part or whole for such debt.

Appellant urges that if the statute provides that "creditors could not sue and could not collect what was due to them, it seems obvious that the obligation of their contracts would be impaired," and the statute would, to that extent, be unconstitutional.

The statute, as stated, recites that "a public emergency exists as the result of a prolonged period of economic depression," and in section 5 provides that it shall become inoperative after three years from the date of its approval.

The exercise of the police power in an emergency to protect large numbers of the public from injury by reason of temporary conditions, and for a limited time, has been sustained in many cases. *Block* v. *Hirsch,* 256 *U. S.* 135; 65 *L. Ed.* 865; *Marcus Brown Co.* v. *Feldman,* 256 *U. S.* 170; 65 *L. Ed.* 877; *Levy* v. *Siegel,* 258 *U. S.* 242; 66 *L. Ed.* 595; *Chastleton Corp.* v. *Sinclair,* 264 *U. S.* 543; 68 *L. Ed.* 841;

*In re Opinion of the Justices,* 278 *Mass.* 607; 181 *N. E. Rep.* 833; *State of New York* v. *Nibbia (New York Court of Appeals),* 186 *Id.* 694; *Blaisdell* v. *Home Building and Loan Association,* 249 *N. W. Rep.* 334.

In *Manigault* v. *Springs,* 199 *U. S.* 473, Mr. Justice Brown said:

"It is the settled law of this court that the interdiction of statutes impairing the obligation of contracts does not prevent the state from exercising such powers as are vested in it for the promotion of the common weal, or are necessary for the general good of the public; though contracts previously entered into between individuals may thereby be affected. This power, which in its various ramifications is known as the police power, is an exercise of the sovereign right of the government to protect the lives, health, morals, comfort and general welfare of the people, and is paramount to any rights under contracts between individuals, * * *. While this power is subject to limitations in certain cases, there is wide discretion on the part of the legislature in determining what is and what is not necessary—a discretion which courts ordinarily will not interfere with."

Mr. Justice Clarke, in *Union Dry Goods Co.* v. *Georgia Public Service Corp.,* 248 *U. S.* 372, said:

"It is the settled law of this court that the interdiction of statutes impairing the obligation of contracts does not prevent the state from properly exercising such powers for the general good of the public, though contracts previously entered into between individuals, may thereby be affected," citing authorities.

He further said:

"These decisions, few from many, to like effect, should suffice to satisfy the most skeptical or belated investigator that the right of private contract must yield to the exigencies of the public welfare when determined in an appropriate manner by the authority of the state."

That an economic emergency exists cannot be doubted. The legislature so declared. The governor has approved such declaration. It is common knowledge that, at the time of

the passage of the statute under consideration, real estate values had shrunk, that the stability of building and loan associations was threatened, and that this condition is but part of a general public emergency that imperils our whole economic and social structure. With this knowledge this court cannot hold that there was no basis in fact for the conclusion that such an emergency existed as called for the exercise of the state's reserved power to afford relief. We are not called upon to decide the validity of an act of continuing operation. The act in question is temporary in character, to protect the general welfare of the people and to tide over an emergency. Viewed in this light, we conclude that the act must be sustained as a valid exercise of the police power of the state. This conclusion is supported by the decision of the Supreme Court of the United States in *Home Building and Loan Association* v. *John H. Blaisdell and Rosella Blaisdell, his wife,* 54 *Sup. Ct.* 231.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.