EAST NEW YORK SAVINGS BANK, Plaintiff, v. IMAR REALTY Co., INC., et al., Defendants.

Supreme Court, Special Term, Kings County, September 29, 1944.

*Meyer D. Siegel* for Imar Realty Co., Inc., defendant.

*John P. McGrath* and *John J. Buckley* for plaintiff.

NOVA, J. This action to foreclose a mortgage (which the defendant mortgagor herein moves to dismiss) is predicated

upon defaults in the payment of installments *of principal,* such payment being due during the years 1933 and 1934. Admittedly there have been no defaults of any other character. Plaintiff seeks to escape the preclusive effect of the mortgage moratorium legislation and thus to justify the maintenance of the instant action by assailing the constitutionality of chapter 562 of the Laws of 1944 (eff. Apr. 5, 1944). Such challenge is based upon allegations contained in the complaint that at the time of the enactment of the 1944 moratorium statute and at the time of the commencement of this action, there was no such continuance of a public emergency as would warrant the suspension of any of plaintiff's prerogatives with regard to the enforcement of the provisions of the mortgage; that the calamitous exigency which had originally justified legislative intervention on behalf of mortgagors no longer existed in 1944.

In support of plaintiff's position the complaint alleges, among other things, that when the 1944 statute was enacted "instead of a scarcity of money and widespread unemployment, bank deposits had increased to the highest point ever recorded in the history of the nation; unemployment had disappeared and its place had been taken by a scarcity of labor; and all responsible leaders of the nation have joined in admonitions to debtors to pay their debts in order to syphon off the enormous income and purchasing power of the people and in that manner to prevent a serious inflation not only of commodity but of real estate values."

There are other allegations of a kindred character.

In *Chastleton Corp.* v. *Sinclair* (264 U. S., 543, 547), it has been stated that "A law depending upon the existence of an emergency or other certain state of facts to uphold it may cease to operate if the emergency ceases or the facts change even though valid when passed." Moreover, in *Home Bldg. & L. Ass'n* v. *Blaisdell* (290 U. S. 398, 447) the same court in sustaining a mortgage moratorium statute concluded that the economic crisis, prevalent at the time of the adoption of the statute, justified the suspension of the rights of mortgagees but pointed out that "the operation of the statute itself could not validly outlast the emergency or be so extended as virtually to destroy the contracts " (see, also, *Kaelin* v. *Michelson,* 176 Misc. 536).

The proposition as to whether the emergency has passed is, of course, a question of fact; one that obviously may not be determined upon a motion, as here, which is addressed solely to the pleadings. The complaint is sufficient as a matter of law. "If the plaintiff upon trial is able to prove to the satisfaction of the court

that the emergency has passed, then the statute is unconstitutional, and the foreclosure action may proceed to judgment " (*Kaelin* v. *Michelson, supra,* p. 539). Defendant's motion to dismiss the complaint is denied.

As a countermotion plaintiff seeks the appointment of a receiver. The question whether defendant is in default for failure to amortize the mortgage indebtedness cannot be decided at this time. If, in fact, the mortgage moratorium statute is constitutional, a fact which can be determined only after the taking of proof upon trial, then it necessarily follows that defendant is not in default for its omission to pay the principal indebtedness and in consequence should not be visited with a receivership. Upon the present showing, and in the exercise of discretion, the motion is denied. Submit orders in accordance with above.