**PORTER, Price Adm'r, v. WRIGHT et al.**
**Civil Action No. 3244.**

District Court, D. Oregon.
Nov. 23, 1946.

Supplemental Opinion Dec. 6, 1946.

Francis E. Harrington, Dist. Enforcement Atty., W. S. Williams, Enforcement Atty., and Victor E. Harr, Asst. U.S.Atty., all of Portland, Or., for plaintiff.

Ralph E. Moody, of Salem, Or., and B. A. Kliks, Loyal H. McCarthy, and Dellmore Lessard, all of Portland, Or., for defendants.

McCOLLOCH, District Judge.

In disposing of this case I have in mind:

First. No one doubts that an immediate re-examination of the apartment situation will be required of the new Congress. Neither justice nor constitutional right will permit the rental properties of the Nation longer to be held in a vise fashioned on the facts as they were in 1942. For

an analogy see the provisions of the Frazier-Lemke Act, that when the emergency on which that Act was based ceased to exist in *a particular area,* the court should so find and shorten or abolish the stay provisions of the Act as seemed proper. 11 U.S.C.A. § 203, subs. a, e. And see Chastleton Corp. v. Sinclair, 264 U.S. 543, 44 S.Ct. 405, 68 L.Ed. 841.

■ Second. The courts are adjured to postpone the decision of constitutional questions when decision can be made on other grounds. Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688.

■ Third. Both equitable remedy and penalty are asked in the present complaint. This cannot be done, although OPA by its mass litigation methods has been overrunning the courts with this type of complaint for some time.

■ Fourth. The complaint does not ask for a sum certain. It is what OPA calls an "open complaint." This is not a good complaint, and further complaints of this sort of the assembly line type will not be entertained. Other District judges in the Ninth Circuit have ruled the same way.

■ Fifth. Since it appears certain that an increase in apartment rentals is soon to be granted by OPA, or Congress, or both, it is not equitable that the defendants should be kept under further restraint. There are other remedies under the Act.

■ Sixth. I am denying injunctive relief for the further reason previously stated in Par. Third above. Equity abhors penalties and forfeitures.

■ Seventh. If plaintiff amends his complaint within two days by asking for a sum certain, I will allow recovery for $300.00, the amount of overcharge that has been established. The amendment may be made by interlineation. If the complaint is not amended, the action will be dismissed.[1]

### Supplemental Opinion.

At the trial there was discussion whether the constitutional privilege against self-incrimination could be claimed in OPA cases.

One of the most recent manifestations of OPA attitude on this question occurred in Washington, D. C. There Justice Alexander Holtzoff permitted the privilege to be claimed in bar of a contempt proceeding which was based on an OPA injunction. The decision was attacked in the newspapers, as appears in the margin.[2]

■ From Justice Holtzoff's opinion and from arguments that have been made in this court, I understand that OPA relies on the "Public Records" or "Quasi-Public Records" doctrine, which has swept the Circuit Courts of Appeal, but so far has not been accepted in the Supreme Court. Davis v. United States, 66 S.Ct. 1256. The argument is, that as to a record

---

[1] The complaint was amended.

[2] In re Hoffman, D.C., 68 F.Supp. 53. From the Washington Post, Oct. 5, 1946:

Dealers who submit their records under OPA subpena for examination cannot be prosecuted on the basis of those records if the dealer claims immunity, Justice Alexander Holtzoff ruled yesterday in District Court.

\* \* \* \* \* \* \*

J. Grahame Walker, District OPA enforcement attorney, immediately declared that the ruling will "stultify OPA enforcement in the District."

"I will appeal. Enforcement in the District will be considerably more difficult if Mr. Justice Holtzoff's ruling is allowed to stand," Walker said.

\* \* \* \* \* \* \*

An official of the national OPA administration stated that the decision would affect OPA enforcement in the entire Nation, and George Moncharsh, deputy administrator for enforcement of the national OPA, agreed that "an appeal is in order" \* \* \*.

In his decision, Justice Holtzoff referred to the Compulsory Testimony Act of 1893, 49 U.S.C.A. §§ 46, 54, which was incorporated in the Emergency Price Control Act setting up the OPA, though only by reference. The reference is now regarded as sufficient to raise serious questions over OPA administrative powers.

Justice Holtzoff rules that these statutes "are unambiguous" and exempt such defendants "if the prosecution is \* \* \* based on information contained in such records."

required to be kept by statute *or administrative regulation,* there can be no claim of privilege against self-incrimination. This, despite the fact that the Price Control Act concedes the right. 50 U.S.C. Appendix, § 922(g),[3] 50 U.S.C.A.Appendix, § 922(g).

If it were not known before, Judge Frank's opinion in the Davis case brought to light that the constitutional privilege against self-incrimination was in "disfavor" in certain quarters. United States v. Davis, 2 Cir., 151 F.2d 140, 144, last par.

OPA's enforcement division (headed by lawyers and law teachers) has maintained constant pressure to break down accepted statutory and constitutional guaranties. For example, Fleming James, Jr., the head of the litigation division of OPA, testified on June 22, 1944, before the House of Representatives Committee to Investigate Executive Agencies, as follows:

"Mr. James: * * * Now, of course, this subpena like any other subpena, is subject to privilege, and if a man claims privilege, then if he still is compelled to testify, immunity is thereby granted to him from any criminal or penal liability arising out of the transactions about which he testifies. That is a fairly usual procedure."

On October 5, 1946, George Moncharsh, Jr., successor to Fleming James, Jr., joined, as shown in Note 2 in the margin, in the hue and cry that Justice Holtzoff had "stultified" enforcement of the Price Control Act in the District of Columbia, by granting the very immunity which the statute guarantees and which Professor James had extolled.

With this sort of thing going on in official circles, lawyers in private practice would do well to take their noses out of tax cases and devote more time in the public interest.[3] No one knows better than Federal trial judges the extent to which constitutional rights, previously thought unassailable, have been under attack and weakened during the war years, and no one knows better than they the poor job the private bar has done thus far in protecting ancient rights.

---

[3] I can recall no "Public Records" case where consideration is given to the distinction between records required to be kept by statute and records required to be kept by administrative regulation. If this distinction is not maintained, there is in the hands of the agencies a weapon even more threatening to common and constitutional right than the power which the agencies now claim, to declare acts to be criminal and to impose criminal penalties. As to this see General Ration Order No. 8, section 3.1 (8 F.R. 3783, Mar. 25, 1943), which reads as follows:

"Criminal Prosecution

"Any person who wilfully performs any act prohibited, or wilfully fails to perform any act required, by any ration order, shall be fined not more than $1,000, or imprisoned for not more than one year, or both, and shall be subject to such other penalties as may be prescribed by law."

"There has long been a lack of any provision for the participation of the general membership of the Association in the administrative law activities of the Association. There has thus been no professional forum for the informed, presentation, discussion and consideration of the national problems of administrative law. These must be recaptured by the bar from the current monopoly of the schoolmen and bureaucracy." Supplemental Report of the Special Committee on Administrative Law, Carl McFarland, Chairman, 70 Reports of A.B.A. 273 (1945).