### UNITED STATES v. JEFFERS.
#### Civ. No. 5019.

United States District Court
D. Oregon.
Feb. 6, 1950.

Clinton J. Crandall, Seattle, Wash., Roy C. Fox, Seattle, Wash., for plaintiff.

Stearns & Lessard, Portland, Or., for defendant.

JAMES ALGER FEE, Chief Judge.

In this suit brought for injunction and damages under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix, § 1881 et seq., the government moves for a summary judgment. There are no controverted questions of fact arising on the complaint. This situation arises because the defendants refused, or at least failed, to answer the interrogatories, and the facts at the basis of the complaint are thus admitted. Plaintiff is then entitled to a summary judgment on the complaint. But defendants have filed an answer in which there is set up the unconstitutionality of the Housing and Rent Act of 1947, as amended, because it denies due process, is a bill of attainder and a deprivation of property without just compensation. This question has been raised many times during the course of years as to the Rent Control acts, and these have uniformly been held to meet the test of constitutionality in the judicial crucible. United States v. Shoreline Cooperative Apartments, 338 U.S. 897, 70 S.Ct. 248. The Court would not hold that such a legal question alone would prevent the entry of a summary judgment. But there is a question of fact as to whether such a condition now exists in the State of Oregon and the local area involved that the law which was passed first in the midst of a serious conflict controls today. This is a judicial question. The Chastleton Corporation v. Sinclair, 264 U.S. 543, 44 S.Ct. 405, 68 L.Ed. 841; Block v. Hirsh, 256 U.S. 135, 154, 41 S.Ct. 458, 65 L.Ed. 865, 16 A.L.R. 165. The Expediter argues the inconvenience of calling a great many witnesses and the difficulty of arriving at a sound conclusion. But the courts had demonstrated ability to deal with much more complicated questions. Muller v. State of Oregon, 208 U.S. 412, 28 S.Ct. 324, 52 L.Ed. 551, 13 Ann.Cas. 957, based upon Brandeis Economic Brief. Even Congress cannot bind the State of Oregon to national control, either by legislative provision or administrative interpretation, of a purely local matter such as housing conditions of its people in time of actual peace. These powers are reserved for the state by the Tenth Amendment. The courts must solve the question as to whether the conditions are such as to require the continuance of emergency dictatorial control by the executive. If the true state of facts be as forecast in the pleadings, no problem of exhaustion of administrative remedies would arise.

If the Court were convinced that it was the abiding purpose of defendants to raise and try out this essential question of fact concerning the residuary constitutional powers of the states, the motion for summary judgment would be denied. As it is,

**358**

this motion is reserved for grant or denial during the pretrial conferences, where the propositions of fact will be formulated.

Set for pretrial conference.