GARDEN STATE DAIRIES OF VINELAND, INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT, v. ARTHUR J. SILLS, ATTORNEY GENERAL OF NEW JERSEY, AND JOHN A. KERVICK, TREASURER OF THE STATE OF NEW JERSEY, DEPARTMENT OF THE TREASURY, DIVISION OF PURCHASE AND PROPERTY, DEFENDANTS-RESPONDENTS.

GARDEN STATE DAIRIES OF VINELAND, INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT, v. BOARD OF EDUCATION OF THE TOWNSHIP OF CINNAMINSON AND ARTHUR J. SILLS, ATTORNEY GENERAL OF NEW JERSEY, DEFENDANTS-RESPONDENTS, AND UNITED MILK PRODUCERS COOPERATIVE ASSOCIATION OF NEW JERSEY AND INTER-STATE MILK PRODUCERS' COOPERATIVE, INTERVENORS-RESPONDENTS.

Argued November 18 and 19, 1968—Decided December 16, 1968.

72 

*Mr. Albert K. Plone* argued the cause for appellant (*Messrs. Plone, Tomar, Parks and Seliger,* attorneys; *Mrs. Eleanor H. Klein,* on the brief).

*Mr. Jerome M. Katz,* Deputy Attorney General, argued the cause for respondent Arthur J. Sills, Attorney General of New Jersey (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney; *Mr. Elias Abelson,* Deputy Attorney General, of counsel).

*Mr. Lewis P. Dolan, Jr.* argued the cause for intervenor-respondent United Milk Producers Cooperative Association of New Jersey (*Messrs. Dolan and Dolan,* attorneys).

*Mr. A. Evans Kephart* of the Philadelphia Bar argued the cause for intervenor-respondent Inter-State Milk Producers' Cooperative (*Messrs. Backes & Backes,* attorneys).

PER CURIAM. In *Garden State Dairies of Vineland, Inc. v. Sills,* 46 *N. J.* 349 (1966) we remanded the plaintiff's attack on Chapters 193 and 194 of the Laws of 1964 for further testimony and findings. Pursuant to the remand, the trial court took testimony, made findings, and struck the portions of the statutes which required that sellers of milk to State agencies and public schools certify that during the preceding year they had purchased New Jersey milk in an amount equivalent to the amount being sold by them to the State agencies and public schools during the current year. *Garden State Dairies of Vineland, Inc. v. Sills,* 98 *N. J. Super.* 109 (*Ch. Div.* 1967). No appeal was taken from this action and since the portions of the statutes stricken were found to be severable, we may consider them exscinded and deal with the remaining statutory requirement under which the seller must agree that during the current year he will purchase New Jersey milk in an amount at least equal to the amount of milk he is currently selling to the State

agencies and the public schools. The trial court upheld this requirement and the plaintiff's appeal, which we certified while pending in the Appellate Division, is from that determination alone.

The trial judge found that the "constant ratio of milk consumed by state agencies and public schools to total New Jersey consumption is 3.8%," and the remaining 96.2% of the market was viewed by him as "free of any burdens on interstate commerce." On that view he concluded that the burden imposed on interstate commerce was not undue and was insufficient to invalidate the statutory requirement. 98 *N. J. Super.*, at 115–116. At oral argument the plaintiff stressed that beyond the burden descussed by the trial judge, there were additional burdens on interstate commerce which resulted from the practical operations of the statutory requirement. It pointed out that the New Jersey farmers make arrangements for the disposition of their entire milk output on an annual basis and that a dealer in out-of-state milk would be unable to acquire from any farmer a limited amount of New Jersey milk equivalent to the amount he was selling to State agencies and public schools. It was suggested that he might be able to obtain such limited amount from a New Jersey dealer or handler but it was acknowledged that there was some uncertainty and that, in any event, such dealer or handler would charge a premium. All this would indicate significant discouragements of free bidding and additional burdens on interstate commerce.

None of the foregoing was mentioned in the trial court's opinion. Indeed none of the briefs before us stressed the matter and our acquaintance with it is substantially on the basis of the oral argument. Under the circumstances we believe that a remand is necessary to enable the introduction of further testimony and the making of further findings below on the issue of whether the statutory requirement, in the particular light of its terms and practical operations, imposes an undue burden on interstate commerce. A remand

is also called for by another matter raised for the first time at the argument. Apparently the requirements in *L.* 1964, *c.* 193 and 194 were imposed at a time when it seemed to New Jersey farmers, particularly those in South Jersey, that legislative protection was needed to assure them a market at least equivalent to State and school purchases; however, shortly thereafter the pertinent federal marketing orders were expanded to include South Jersey and the seeming need for legislative protection evidently disappeared.

The New Jersey farmers produce less than half of New Jersey's consumption of milk and the trend is clearly towards less production of New Jersey milk and more consumption by New Jersey users. At the argument, all counsel appeared to agree that no public purpose was now actually being served by the statutory requirement that sellers of milk to State agencies and public schools purchase an equivalent amount of New Jersey milk. There was no suggestion that the foreseeable future held anything in store which would revive the original seeming need for the legislation, although counsel for the intervenors did urge that the statutory requirement should nonetheless be retained to take care of eventualities.

In the light of the foregoing, the trial court will, on the remand, take testimony and make findings not only on the issue of undue burden but also on the due process issue as to whether there is now any legitimate public purpose supporting the statutory requirement. In *One Eleven Wines & Liquors, Inc. v. Div. Alcoholic Bev. Cont.,* 50 *N. J.* 329, 341 (1967) we recently reiterated the settled principle that restrictions adopted by the Legislature in the exercise of the police power "must be reasonable and not go beyond the public need." And in *Nashville, C. & St. L. R. Co. v. Walters,* 294 *U. S.* 405, 415, 55 *S. Ct.* 486, 488, 79 *L. Ed.* 949, 955 (1935) the Supreme Court pointed out that the police power "may not be exerted arbitrarily or unreasonably" and that "a statute valid when enacted may become invalid by

change in the conditions to which it is applied." See *Chastleton Corp. v. Sinclair,* 264 *U. S.* 543, 547–548, 44 *S. Ct.* 405, 68 *L. Ed.* 841, 843 (1924); *Kress, Dunlap & Lane Ltd. v. Downing,* 286 *F. 2d* 212, 215 (*3rd Cir.* 1960); *Jamouneau v. Harner,* 16 *N. J.* 500, 515 (1954), *cert. denied,* 349 *U. S.* 904, 75 *S. Ct.* 580, 99 *L. Ed.* 1241 (1955); see also *Hourigan v. North Bergen Township,* 113 *N. J. L.* 143, 151 (*E. & A.* 1934) where it was noted that "a law depending upon the existence of an emergency, or other certain state of facts, to uphold it, may cease to operate if the emergency ceases, or the facts change, even though valid when passed."

The contention by counsel for the intervenors that even if no need now exists, the statute should be retained to take care of eventualities, raises the question of whether the statutory requirement might be suspended and revived when necessary. The Legislature would undoubtedly have power to accomplish that result either by its own specific directions or by vesting suitable rule making authority in an administrative agency such as the Department of Agriculture or its Division of Dairy Industry. See *L.* 1968, *c.* 358. The fact that the judiciary possesses the power of striking the requirement suggests that it also has the lesser power of suspending it; and presumably this latter alternative would be the legislative preference. However, the subject has not been argued or briefed before us and we shall therefore not pursue it; the trial court will, of course, have authority to deal with it in the first instance as part of the remand.

Reversed and remanded.

*For reversal* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN — 7.

*For affirmance* — None.