TOMMY G. THOMPSON, Governor
You have requested my opinion on the impact of the Firearm Owners' Protection Act, Pub.L. No. 99-308, 100 Stat. 449 (1986), on Wisconsin law prohibiting the possession of a firearm by a convicted felon. Sec. 941.29, Stats. You specifically ask:
1. Is section 941.29(5)(a), Stats., a valid section?
 2. Do those pardons granted by this [your] office since September 16, 1986,[1] which do not expressly authorize the recipient to receive, possess or transport in commerce firearms, nonetheless give such recipients that right?
 3. Do those pardons granted by [your office] since September 16, 1986, which do expressly authorize the recipient to receive, possess or transport in commerce firearms, give such recipients that right?
In my opinion, section 941.29(5)(a) has been invalidated by congressional action. It is also my opinion that any pardon granted by your office since November 15, 1986, will give the recipient the right to receive, possess or transport in commerce firearms unless the pardon "expressly provides that the person may not ship, transport, possess, or receive firearms."18 U.S.C. § 921(a)(20) (Supp. 1988). *Page 23 
Section 941.29 criminalizes possession of a firearm by persons convicted of a felony in Wisconsin, or convicted of a crime elsewhere that would be a felony if committed in Wisconsin. Section 941.29(5) relieves from the state firearm disability a person who:
 (a) Has received a pardon with respect to the crime or felony specified in sub. (1) and has been expressly authorized to possess a firearm under 18 U.S.C. app. 1203; or
 (b) Has obtained relief from disabilities under 18 U.S.C. § 925(c).
18 U.S.C. app. § 1203 relieved from the federal firearms disability "any person who has been pardoned by . . . the chief executive of a State and has expressly been authorized by the . . . chief executive . . . to receive, possess, or transport in commerce a firearm." By invoking this particular section of federal law, the Wisconsin Legislature required a convicted felon to present a Governor's Pardon specifically authorizing him to receive, possess or transport firearms in order to be relieved from the state firearms disability under section 941.29(5)(a).
On May 19, 1986, Congress enacted the Firearm Owners' Protection Act (hereinafter FOPA). FOPA repealed 18 U.S.C. app. § 1203 and amended 18 U.S.C. § 922(g) (1988) to include the federal firearm possession offense. Convicted felons are still prohibited by federal law from possessing firearms;18 U.S.C. § 921(a)(20) was amended to include the following language:
 What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms. *Page 24 
This subsection became effective November 15, 1986. 18 U.S.C. § 921
note (Supp. 1987).
As you indicate in your letter, the intent of current federal law is to presume that a pardoned felon may possess firearms. FOPA "is designed to relieve the nation's sportsmen and firearm owners and dealers from unnecessary burdens under the Gun Control Act of 1968 . . . . [it] [l]imits the forfeiture of firearms to only those involved in or intended to be involved in felony violations of the law." H.R. Rep. No. 495, 99th Cong., 2d Sess. 5, reprinted in 1986 U.S. Code Cong. Admin. News 1327-28. There is no doubt Congress was aware of the potential impact of FOPA on existing state laws. One commentator involved in the drafting of the legislation indicated:
 There was no difference of opinion between the parties on the advisability of consolidating all "prohibited persons" classes into a single provision. Some difference did arise over the exception for persons pardoned or whose convictions had been expunged. This was resolved by adding a proviso that the exception did not apply where the pardon or expungement order provided that the recipient might not own firearms.
Hardy, The Firearm Owners' Protection Act: A Historical and LegalPerspective, 17 Cumb. L. Rev. 585, 614-15 (1987) (footnotes omitted). Congress explicitly recognized that the revisions contained in FOPA may have a "secondary effect" on state laws.Id. at 587 n. 11. 18 U.S.C. § 927 (1976) provides that:
 No provision of this chapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which such provision operates to the exclusion of the law of any State on the same subject matter, unless there is a direct and positive conflict between such provision and the law of the State so that the two cannot be reconciled or consistently stand together. *Page 25 
One such secondary effect is the apparent invalidation of section 941.29(5)(a). Where the purpose of a federal statute cannot be accomplished or is otherwise frustrated by the presence of a state statute, the state statute is superseded by the federal authority to the extent of the conflict. See FidelityFederal Sav. Loan Ass'n v. de la Cuesta, 458 U.S. 141, 153
(1982). To the extent that a state law actually conflicts with the federal law, the state law is nullified. Oefinger v.Zimmerman, 601 F. Supp. 405, 411 (W.D. Penn. 1984). This may occur in cases when state law becomes an "obstacle to the accomplishment and execution of the full purposes and objectives of the federal enactment." Id. at 411-12.
Section 941.29(5)(a) requires that the pardon expressly restore the felon's right to receive, possess or transport in commerce firearms. This requirement no longer exists in federal law.18 U.S.C. § 921(a)(20). To the extent that the state law frustrates both the specific language and intent of FOPA, the state statute is superseded by the federal law.
Statutes valid when enacted may also become unenforceable because of changes in the conditions to which the statutes apply.See Chastleton Corporation v. Sinclair, 264 U.S. 543 (1924). Here, the factual justification and basis for section 941.29
(5)(a) — the requirement of 18 U.S.C. app. § 1203 that pardons expressly restore the right to receive, possess or transport in commerce firearms — no longer exists.18 U.S.C. § 921(a)(20) has no such requirement. The house report on the history of FOPA indicates that it "expanded the class of persons eligible for relief from the disabilities imposed under the [Gun Control] Act. It benefits persons who have been convicted of a crime . . . [and] have been subsequently determined to have reformed." H.R. Rep. No. 495, 99th Cong., 2d Sess. 5, reprinted in 1986 U.S. Code Cong. Admin. News 1327, 1331. The factual changes created by FOPA effectively render section 941.29(5)(a) unenforceable.
Two Wisconsin commentators suggest an interim interpretation of the state disability provision: *Page 26 
 Section 941.29 of the Wisconsin Statutes does not apply to the convicted felon who has obtained relief from the Secretary of the Treasury as described above. See Wis. Stat. § 941.29(5)(b) (1985-86). The more difficult issue is whether one who receives a pardon is exempted under § 941.29(5)(a). The latter references the now repealed 18 U.S.C. app. 1203. Before that repeal, the effect of § 941.29
(5)(a) was to relieve a convicted felon of the state firearms disability if he were pardoned of the offense and if the pardoning executive expressly authorized the person to possess a firearm. Pending corrective action by the Wisconsin legislature, an interpretation of § 941.29(5)(a) that seemingly effectuates legislative intent is one that exempts the pardoned felon but only if express executive authorization to possess a firearm has been given.
1 Hammer and Donohoo, Substantive Criminal Law in Wisconsin 460 (1988).
I also conclude that pardons granted by your office since November 15, 1986, that do not expressly authorize the recipient to receive, possess or transport in commerce firearms will nonetheless give the recipient that right, unless the pardon "expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20). Pardons granted since November 15, 1986, which expressly authorize the recipient to receive, possess or transport in commerce firearms will give the recipient that right. Id. The period of time between the passage of FOPA and the effective date of this particular subsection was undoubtedly provided to give states the opportunity to evaluate their existing legislation and practices in light of revised federal law.
DJH:GPW
[1] You have identified September 16, 1986, as the date on which 18 U.S.C. app. § 1203 (1986) was repealed in favor of18 U.S.C. § 921(a)(20) (1988). 18 U.S.C. § 921(a)(20) became effective November 15, 1986. 18 U.S.C. § 921 note (supp. 1987). *Page 27