**KRESS, DUNLAP & LANE, LTD.,**
Petitioner–appellant

v.

**CARLOS A. DOWNING,**
as Commissioner of Property and Procurement
of the Virgin Islands

No. 13,304

United States Court of Appeals

Third Circuit

Argued November 15, 1960

Decided December 21, 1960

*See, also, 286 F.2d 212*

JOSEPH MCGOWAN, ESQ., Charlotte Amalie, Virgin Islands, *for appellant*

RUSSELL B. JOHNSON, ESQ., Attorney General, Charlotte Amalie, Virgin Islands, *for appellee*

Before GOODRICH, KALODNER, and STALEY, *Circuit Judges*

KALODNER, *Circuit Judge*

■ The Virgin Islands Code[1] fixes the rent chargeable for real property in the Virgin Islands at the rent prevailing on July 1, 1947, if then rented, or, if not then rented, at the first rent charged thereafter or a rental administratively determined.

■ As we recently stated,[2] the ". . . obvious aim [of the Code] is to stabilize rentals at or about the level prevailing on the critical date [July 1, 1947]".

■ The Code establishes administrative procedures,[3] which are judicially reviewable,[4] for the upward adjustment of rents on petition by landlords but only "to compensate for a substantial major capital improvement or structural change as distinguished from repair, replacement, or maintenance."[5]

■ Section 846 of Title 28 of the Code provides that its rent control provisions ". . . shall remain in force and effect only for the duration of the public emergency with respect to the shortage of housing and business accommodations [existing on July 1, 1947]." It further provides that "upon declaration by Resolution or Act of the Legis-

[1]Subchapter III, §§ 831-846, entitled Rent Control, of Chapter 31, entitled Landlord and Tenant, of Title 28, entitled Property, of the Virgin Islands Code. The provisions of Subchapter III are based on Ord. Mun. C. St. T. and St. J., app. Dec. 5, 1947 (Bill No. 92), § 14; the Act of March 31, 1955, No. 24, § 13, made the Ord. of Dec. 5, 1947, applicable throughout the Virgin Islands.

[2]Government of Virgin Islands v. Massac (4 V.I. 185, 190), 277 F.2d 660, 663 (3 Cir. 1960).

[3]Section 836 of Title 28 of the Code provides for "Petitions for adjustment of maximum rent ceilings"; Section 837 for the "Consideration of petitions; hearings; orders," and Section 838 for "Appeal to Commissioner of Property and Procurement" from rent orders made by the Price and Rent Control Officer under Section 837.

[4]Section 839 of Title 28 of the Code provides for "Judicial Review" of orders made by the Commissioner of Property and Procurement and that "No order shall be set aside or remanded unless the petitioner establishes to the satisfaction of the court that the order is not in accordance with law, or is not supported by substantial evidence."

[5]Section 836 of Title 28 of the Code.

lature that such emergency has ceased to exist, the [rent control] provisions . . . shall have no further application."

In the instant case Kress, Dunlap & Lane, Ltd., the petitioner-appellant ("petitioner"), raised the monthly rentals of three tenants of a property which it owns in the Virgin Islands. One of the tenants, Amandeo A. Forbes, complained to the Price and Rent Control Agency which, following an investigation, entered an Order fixing maximum rentals for each of the tenants at the levels prevailing before the rent increases.

Petitioner appealed to the Commissioner of Property and Procurement ("Commissioner") on the grounds that (1) it had not been afforded a proper hearing by the Price and Rent Control Officer; (2) improper standards had been applied in fixing maximum rentals; (3) the "freezing" of rents at 1947 levels "is unrealistic and constitutes the taking of property without due process of law", and (4) "the 'emergency' upon which the so-called 'Rent Control Law' is founded has ceased to exist and is therefor no longer enforceable."

The Commissioner, after hearing, rendered a Decision in which he made fact-findings rejecting the first three grounds of appeal and stated his Conclusion with respect to the petitioner's fourth contention that "neither the Rent Control Officer nor the Hearing Officer in this appeal can assume powers which the law does not grant" and "Title 28, Section 846 of the Virgin Islands Code, answers this question when it stated that, 'Upon declaration by resolution or Act of the Legislature that such emergency has ceased to exist, the provisions of this chapter (Rent Control Law) shall have no further application'." The Decision was accompanied by an Order affirming the maximum rental as to the tenant Forbes, and for reasons not here pertinent, set aside that portion of the Rent

Control Officer's Order relating to the rentals of the two other tenants of petitioner's property and remanded for further hearing as to them.

Petitioner then instituted proceedings for review in the District Court of the Virgin Islands raising the same points presented in its appeal to the Commissioner. The Commissioner did not answer the petition for review but moved for summary judgment, filing, with his motion, a certified copy of the transcript of the proceedings before him. No affidavits were filed by either party.

The District Court granted the Commissioner's motion for summary judgment and entered a Decree dismissing the petition for review. It made Findings of Fact which merely constituted an outline of the proceedings before the Rent Control Officer and the Commissioner and stated the petitioner's contentions.

In its Conclusions of Law the District Court stated "That a review of the record does not show that the Price and Rent Control Officer or the Commissioner acted arbitrarily or contrary to law, or that any fundamental rights have been denied the landlord-plaintiff"; and "That the provisions of Chapter 31 of Title 28 of the Virgin Islands Code, known as the Rent Control Law, are valid and that the revision of same is a matter within the competence of the Legislature."

On this appeal the petitioner urges that the record is bare of any evidence on the score of the existence of an "emergency" in the Virgin Islands with respect to "housing and business accommodations." The fact is, says the petitioner, no emergency now exists "so far as commercial space is concerned" and for that reason the Virgin Islands Rent Law is invalid at least to the extent of its provisions affecting such accommodations. Petitioner further contends that the Rent Law is unconstitutional insofar as it provides that it shall continue in effect until

the Legislature by Resolution or Act declares that the public emergency which prevailed at the time of its enactment has ceased to exist. Additionally, petitioner urges that the Rent Control Law, as written and administered, is unconstitutional in that no provision is made for a reasonable return on their investment to property owners.

Although petitioner does not here spell it out in so many words it nevertheless effectively presents the issue as to whether the District Court erred in granting summary judgment in view of the circumstance that the petitioner had below denied the existence of an "emergency" with respect to "housing and business accommodations" in the Virgin Islands.[6]

■ On review of the record we are of the opinion that the mooted question of the existence of an "emergency" presented to the District Court a genuine issue as to a material fact which under well-settled principles precluded an entry of summary judgment.

■ ■ As we recently stated in Bragen v. Hudson County News Company, 278 F.2d 615, 617 (1960):

"Summary judgment may be granted only if the pleadings, depositions, admissions on file and affidavits '. . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' "

and

"The law is clear that one who moves for a summary judgment has the burden of demonstrating that there is no genuine issue of fact."

[6]It appears from his petition that petitioner sought "review of Rent Control Order No. 22-1959 and decision of Commissioner thereon" and to have Order No. 22-1959 set aside. Furthermore, it appears that the District Court treated the petition as properly bringing before it for review Order No. 22-1959 of the Price and Rent Control Officer; the court stated: "This case came on for hearing on April 8, 1960, on petition of the landlord-plaintiff to set aside Order No. 22-1959 of the Price and Rent Control Officer. . . ." It is clear that only an order of the Commissioner, reviewing an order of the Price and Rent Control Officer is appealable to the District Court and they only insofar as the appealing party has been "aggrieved" by the order of the Commissioner. Thus, the District Court had jurisdiction to review only that portion of the Commissioner's Order No. 1-1959 which affirmed the Price and Rent Control Officer's Order No. 22-1959 as to tenant Forbes.

As earlier stated, petitioner in its appeal to the Commissioner from the Order of the Price and Rent Control Officer had made the contention that the "emergency" upon which the Rent Control Law was premised had "ceased to exist", and that it had advanced the same contention in its petition for review to the District Court. The transcript of the record of the proceedings before the Commissioner, consisting of notes of the Commissioner and not a verbatim record, does not reveal that any testimony was adduced on the issue of the continued existence of an "emergency". The Commissioner in his Decision made no factual finding with respect to the "emergency" issue, and merely determined that as far as the administrative agencies were concerned the "emergency" continued to exist until the Legislature, under the specific terms of the Rent Control Law, declared by Act or Resolution that it "has ceased to exist".

The District Court in its Opinion granting summary judgment, although it noted in its Findings of Fact the contention of petitioner that the "emergency upon which the Rent Control legislation is founded has ceased to exist" made no specific factual finding with respect to the "emergency" issue, but merely determined as a "Conclusion of Law" that "The provisions of . . . the Rent Control Law, are valid and that the revision of same is a matter within the competence of the Legislature."

■ This much is clear however. While the District Court made no stated factual finding with respect to the mooted issue as to whether the "emergency" continued to exist, its granting of the Commissioner's motion for summary judgment implicitly constituted a factual finding that the "emergency" existed at the time of the administrative proceedings.

This factual finding constituted error under the principle, earlier stated, that summary judgment may not be

granted where a genuine issue as to a material fact is presented to the court.

■ That the issue of "emergency" is material to the determination of the constitutionality of the Rent Control Law is clearly established. As Mr. Justice Holmes said in Chastleton Corp. v. Sinclair, 264 U.S. 543, 547–48, 44 S. Ct. 405, 406, 68 L. Ed. 841 (1924):

> "A law depending upon the existence of an emergency or other state of facts to uphold it may cease to operate if the emergency ceases or the facts change even though valid when passed."

■ That a legislative body cannot for all time insulate its determinations from judicial inquiry into the continued existence of the legislative facts upon which the constitutionality of the legislation is dependent is well settled. Block v. Hirsch, 256 U.S. 135, 41 S. Ct. 458, 65 L. Ed. 865 (1921); Marcus Brown Holding Co. v. Feldman, 256 U.S. 170, 41 S. Ct. 465, 65 L. Ed. 877 (1921); Edgar A. Levy Leasing Co. v. Siegel, 258 U.S. 242, 42 S. Ct. 289, 66 L. Ed. 595 (1922); Home Building & Loan Ass'n v. Blaisdell, 290 U.S. 398, 54 S. Ct. 231, 78 L. Ed. 413 (1934).

■ What has been said discloses that it was incumbent on the District Court to receive evidence as to the existence or nonexistence of an "emergency" and to make its fact finding on the testimony adduced preliminary to its further ruling on the issue of the constitutionality of the Rent Control Law.

A final comment. The present posture of this litigation requires no ruling on our part on the constitutionality of the Rent Control Law.

For the reasons stated the Decree of the District Court dismissing the petition for review will be reversed and the cause remanded with directions to proceed in accordance with this Opinion.*

---

\* For proceedings in the Dist. Court of the V.I. subsequent to this opinion, see p. 261, this volume.