Maxine M. HAHN and Jesse G. Hahn
v.
WOODLYN FIRE COMPANY NO. 1
and
The Southern Pennsylvania Bus Company.
Civ. A. No. 26185.

United States District Court
E. D. Pennsylvania.
April 15, 1963.

Michael C. Rainone, J. Earl Simmons, Jr., Philadelphia, Pa., for plaintiffs.

Krusen, Evans & Byrne, William H. Pugh, IV, Philadelphia, Pa., for defendant, The Southern Pennsylvania Bus Co.

KRAFT, District Judge.

Presently before us is the motion of the defendant, The Southern Pennsylvania Bus Company, for summary judgment under F.R.Civ.P. 56.

The action is to recover damages for personal injuries alleged to have been sustained by the wife-plaintiff on premises of the defendant, Woodlyn Fire Company No. 1. The complaint is inartistically drawn, to say the least.

However, it appears to be plaintiffs' position that the wife-plaintiff had been transported from her home in Wilmington, Delaware, to the Fire Company premises at Woodlyn, Pennsylvania, in a bus provided by the moving defendant, and that the accident occurred as she was walking back to the bus for the return trip.

Paragraph 4 of the complaint avers that the Bus Company "is a corporation engaged in the business of transporting passengers on hired buses and other vehicles in and for the States of Delaware and Pennsylvania." The Bus Company's answer denies that "it is engaged in the business of transporting passengers within the State of Delaware or between the State of Delaware and the State of Pennsylvania."

Paragraph 5 of the complaint alleges:

"5. The defendant provided bus service and transported its customers to and from the fire house free of charge, the plaintiff paying 50¢ as admission to the fire company as the only charge including the transportation from a designated point at 9th and Shipley Street, Wilmington, Delaware to the fire house in Woodlyn, Pennsylvania. On the third day of September, 1957 the plaintiff was a business invitee of the defendant and on the premises of the said defendant."

In its answer, the Bus Company denies, "all and singular, the averments of the fifth paragraph of the complaint as they pertain to it."

The Bus Company submitted the supporting affidavit of L. K. Reichenbach, its treasurer, stating that the bus in which the wife-plaintiff was transported on the night of the accident "was not owned, operated or controlled by, through, or for the defendant [Bus Company] either on the date in question or at any other time", and that investigation has established that the bus was then owned by Delaware Coach Company, a Delaware corporation, and was

operated by another Delaware corporation, Delaware Bus Company.

Plaintiffs, though afforded ample opportunity so to do, submitted no opposing affidavits, but filed an unsworn answer to the motion for summary judgment, in which they deny that "the bus in question was not owned, operated or controlled by the said defendant, or that the said defendant has no connection with this case."

■ The question posed is whether the pleadings, affidavits and other papers disclose a genuine issue as to a material fact. Kress, Dunlap & Lane, Ltd. v. Downing, 286 F.2d 212 (3rd Cir. 1960).

■ The Bus Company, with some warrant, characterizes Paragraph 5 of the complaint as "a masterpiece of confusion", and states that nowhere is it alleged specifically that the Bus Company owned, operated, or controlled the bus in question. The complaint is, indeed, ineptly drawn, and a motion for a more definite statement might have been appropriate. Nevertheless, we think the necessary import and implication of the complaint is that the Bus Company was responsible for the operation of the bus in question, and that there appears a genuine dispute concerning a material fact. The case is distinguishable from Taxin v. Food Fair Stores, Inc., 287 F.2d 448 (3rd Cir. 1961), and the many other cases cited in the Bus Company's able brief.

■ To say that the case is a close one, is to deny the motion. "All doubt should be resolved against the movant." Booth v. Barber Transportation Co., 256 F.2d 927, 928 (8th Cir. 1958).

■ However, this action was filed April 7, 1959 and sufficient time has long since elapsed to enable plaintiffs, by timely and diligent use of available discovery procedures, to unearth evidence, if any exists, upon which to base opposing affidavits. The persistent failure to do so constrains us to believe the plaintiffs may be seeking to oblige the moving defendant to prepare for trial on all issues when plaintiffs themselves evidence little assurance on the liability issues. We conclude that such a situation permits the invocation of F.R.C.P. 42(b).

## ORDER

NOW, April 15th, 1963, it is ordered that the motion of defendant, The Southern Pennsylvania Bus Company, for summary judgment be, and it is, denied.

It is further ordered, in furtherance of the Court's convenience and to avoid prejudice to the moving defendant that a separate trial shall be first had of all issues of liability between all plaintiffs and all defendants and that such trial shall be had during the civil jury trial period beginning May 27, 1963.