James ROMER, an infant, by his next friend, John Romer, and John Romer and Mary Romer

v.

Claude Rodgers BALDWIN
and
Smith's Transfer Corporation of Staunton, Virginia.

Civ. A. No. 25467.

United States District Court
E. D. Pennsylvania.

Sept. 13, 1963.

## 260

Theodore R. Mann, Stephen B. Narin, Narin, Garfinkel & Mann, Philadelphia, for plaintiff.

Edward C. German, LaBrum & Doak, and George P. Williams, III, Schnader, Harrison, Segal & Lewis, Philadelphia, for defendants.

### PRE-TRIAL ORDER

And now, September 13, 1963, after consideration of the attached Memoranda of Law, the arguments presented by counsel at the pre-trial conference of August 13, 1963, and the record, it is ordered that (1) the above-captioned case shall be tried, during the period October 7 to November 1, 1963, to a jury of twelve jurors, with two alternates, on the issue of liability prior to any consideration by the jury of the issue of damages; and

(2) in the event that either of the defendants is found liable, the trial shall proceed on the issue of damages before the same jury, or another jury, as conditions may require and the court shall deem meet.

/s/ FRANCIS L. VAN DUSEN
Pre-Trial and Trial Judge

The language of the last part of § 2 of the above order has been taken from Rule 21 of the Northern District of Illinois, as quoted at the bottom of page 9 of the plaintiffs' Memorandum, which indicates that they prefer the generality of such language to that suggested by the pre-trial judge at the August 1963 pre-trial conference. Unless something unusual occurs, the trial of the damage issue will be to the same jury that decides the liability issue if either or both defendants are found liable.[1]

The record of the first trial indicates that liability testimony was offered on February 7 (Document 38), on February 8 from 10:40 A.M. until 11:38 A.M. (N.T. 186–227 of Document 39), and for a short time on February 14 (N.T. 907–916 of Document 43). This is less than two days of a trial which required 6½ days (N.T. 1–1016) for the taking of testimony and receipt of exhibits. An examination of the notes of testimony fails to substantiate plaintiffs' contention at the August 1963 pre-trial conference that the medical testimony at the first trial had to be taken during the liability testimony in order to accommodate doctors (see second sentence of second paragraph of Report of 8/13/63 pre-trial conference, being Document 55).

No persuasive reason has been advanced indicating that the separate trial of the liability issue will result in its presentation to the jury in an unfair way. In addition to the authorities referred to in the attached Memoranda of counsel, it is noted that this court has frequently ordered, pursuant to F.R.Civ. P. 42(b), a separate trial of some or all of the liability issues in personal injury actions where this course would save the time of witnesses (particularly many expert medical witnesses such as are involved here). See, for example, Teplitz, Administrator v. Bishwaty, Civil Action No. 17994 (Trial of December 1956); Headen, Administratrix, v. Pope & Talbot, Inc., et al., Civil Action No. 16362 (Order of June 3, 1958, relating to trial commencing June 9, 1958); Cheesman v. Tidewater, etc. Co., Civil Action No.

---

1. If such a relatively unusual event as sickness or other disability of a juror should occur after the liability verdict, plaintiffs have produced no authority to indicate that an alternate juror, who has heard all the liability and damage testimony and been properly cautioned while the jury is deliberating on the liability verdict, should not be competent to take the place of a juror excused for reasons of sickness or other disability.

23157; Kleiman v. Tidewater, etc. Co., Civil Action No. 22018.

The attached letters of May 8, 10 and 13 (2) make clear that a trial date was made available to plaintiffs last May and, hence, the schedule for the trial as contained in the foregoing order is not unreasonable.