Albert G. DRIVER, Guardian of the Estate of David Brice McCune, a minor under the age of 7 years

v.

Evan L. PHILLIPS

and

Mrs. Thomas Dietzler

and

Frances Fanelli

and

Monsignor John Haydt, J.C.D., as Pastor of the Annunciation B.V.M. Parish of the Roman Catholic Church of the Archdiocese of Philadelphia,

and

His Excellency, the Most Reverend John J. Krol, Archbishop of Philadelphia.

Civ. A. No. 29840.

United States District Court
E. D. Pennsylvania.

Dec. 14, 1964.

Floyd W. Tompkins, David M. Jones, Philadelphia, Pa., for plaintiff.

Philip E. Berens, Philadelphia, Pa., for defendant Phillips.

Edward C. German, Philadelphia, Pa., for defendant Dietzler.

T. E. Byrne, Jr., Philadelphia, Pa., for other defendants.

PRE TRIAL ORDER

AND NOW, December 14, 1964, after consideration of the discussion at the pre-trial conference (see paragraph 2 of Pre-Trial Report, being Document 26), the Memoranda of Law, Reply Memorandum of Law, and the record, IT IS ORDERED that:

(1) the above-captioned case shall be tried to a jury on the issues of liability prior to any consideration by the jury of the issue of damages; and

(2) in the event that any of the defendants is found liable, the trial shall proceed on the issue of damages before the same jury, or another jury, as condi-

tions may require and the court shall deem meet.

### (s) FRANCIS L. VAN DUSEN
#### District Judge

The language of the last part of section (2) of the above order has been taken from Rule 21 of the United States District Court for the Northern District of Illinois. Unless something unusual occurs, the trial of the damage issue shall be tried to the same jury that decides the liability issue if any defendant is found liable. At least two alternate jurors will be selected at the start of the trial so that, if a juror who has been part of the panel returning the liability verdict becomes incapacitated while damage evidence is being presented, replacement jurors who have heard the liability evidence will be available.

The authorities and reasons for conducting a separate trial on the issue of liability prior to the trial on the issue of damages are summarized in the comment to the Order of September 13, 1963, in Romer v. Baldwin et al., D.C., 36 F.R.D. 259. See, also, "Split Trials and Time Saving: A Statistical Analysis," by Zeisel and Callahan, 76 Harv.L.Rev. 1606 (1963); [1] cf. Hahn v. Woodlyn Fire Company No. 1, 32 F.R.D. 429 (E.D.Pa. 1963).

Plaintiff concedes that at least four expert witnesses and possibly five, will be called in his case on the damage issues, due to the very serious injuries of his minor ward. The plaintiff's Pre-Trial Memorandum includes the following statements at pages 2 and 3:

> "(1) *Principal Injuries Sustained*
> "The minor plaintiff sustained multiple fractures of the skull; cerebral concussion; extensive generalized multi-level brain damage; brain stem damage; diffuse cortical damage; fractured ribs and clavicle; multiple body contusions; said injuries are permanent in character.
> * * * * * *
> "(3) *Current Disability*
> "The minor plaintiff is totally and permanently disabled due to complete regression of cerebral functions and right spastic hemiplegia."

Under such circumstances, it has been the policy of this court to have separate trials on the issues of liability and damage (see Romer case, supra, and other cases in this District referred to in the above-mentioned comment to the Order of September 13, 1963).

The foregoing establishes that there is nothing "extraordinary" (see page 2 of Memorandum of plaintiff) in such separation of issues on a record such as this. Since alternate jurors will be selected in a case of this type and there will be at least two extra jurors available who have heard the liability testimony, the possibility of an "absent juror" is most unlikely (see page 4 of above Memorandum).

For the reasons pointed out in the above-cited Law Review article and on

---

1. In this article, the authors concluded at page 1624:

"Separation of issues will save, on the average, about 20 per cent of the time that would be required if these cases were tried under traditional rules. * * *

"It is not possible to sort out effectively in advance the cases in which separation would prove futile. Therefore, if a court wants to realize the maximum of potential time saving through separation, it should separate as frequently as possible. The time saved will be in direct proportion to the frequency of separations. Such a policy recommends itself also on the ground that separation is unlikely ever to *add* substantial trial time even if cases should go, as some do, to a second verdict. * * *

"But from our investigation we have learned that separation is a powerful remedy for court congestion. Fully used, it would be equivalent to increasing the number of judges trying those cases by one-fifth. Cases which, if not separated, will require five judges for their disposition will, if separated, require only four judges and free one for other work."

page 6 of defendant Dietzler's Memorandum, the separation of the liability from the damage issues will facilitate the possibility of settlement after the trial of liability issues, if it is not achieved prior to the start of the trial.