**Clarence Ray RHINEHART, Appellant,**

v.

**STATE OF NORTH CAROLINA,**
Appellee.

**No. 9773.**

United States Court of Appeals
Fourth Circuit.

Argued March 1, 1965.

Decided March 30, 1965.

---

Murray J. Janus, Richmond, Va. (Court-assigned counsel) [Bremner, Mer-

hige, Byrne, Montgomery & Baber, Richmond, Va. on the brief] for appellant.

Theodore C. Brown, Jr., Asst. Atty. Gen., of North Carolina, (T. W. Bruton, Atty. Gen., of North Carolina on the brief) for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and J. SPENCER BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge.

The petitioner appeals from an order [1] of the District Court for the Western District of North Carolina denying his petition for a writ of habeas corpus without a plenary hearing.

The petition raised before the district court several constitutional issues which had been considered in a plenary hearing under the North Carolina Post-Conviction Hearing Act and decided against the petitioner. The record before us, however, does not contain a transcript of the evidence before the state post-conviction court, and we cannot, therefore, reach the merits of the habeas petition on this appeal.

The record does, however, indicate that the petitioner had not exhaused his available state remedies at the time he filed his petition with the federal district court. He had not requested a review by the Supreme Court of North Carolina of the decision in the post-conviction proceeding which was the basis for the district court's order.

We recognize that federal district courts have a discretionary right to entertain a petition for a writ of habeas corpus prior to the exhaustion of available state remedies. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837

---

1. The full order reads as follows:
 "It appearing to the court from Answer of the State of North Carolina and various documents attached thereto that the petitioner has been afforded a completely fair and plenary hearing in the Superior Court of North Carolina under the North Carolina Post-Conviction Hearing Act, and that he was represented by court-appointed counsel competent to prosecute the matter and to put before the court his contentions with respect to alleged violations of his constitutional rights;
 "NOW, THEREFORE, the petition for writ of habeas corpus is denied and the action is dismissed.
 "The Clerk will certify copies of this Order to the Attorney General and to the petitioner.
 "This 24th day of February, 1964."

(1963). However, since they should not act to discharge a prisoner except under extraordinary circumstances until after he has exhausted his available state remedies, Fay v. Noia, supra at 418 et sequi, 83 S.Ct. at 837; Irvin v. Dowd, 359 U.S. 394, 79 S.Ct. 825, 3 L.Ed. 2d 900 (1959), we remand the case to the district court to consider whether the petitioner should be required to avail himself of any right of review by the Supreme Court of North Carolina which is still available. If no state remedies are now open to the petitioner, the district court should review the transcript of the state post-conviction hearing to determine whether its findings of fact and conclusions of law are supported by the record as a whole. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Reversed and remanded.