Joseph D. LA ROSA

v.

The **PENNSYLVANIA RAILROAD COMPANY.**

No. 37817.

United States District Court
E. D. Pennsylvania.

May 6, 1968.

Milford J. Meyer, Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., for plaintiff.

Lewin W. Wickes, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This is an F.E.L.A. action, 45 U.S.C. § 51 et seq., by an employee against his employer for personal injuries sustained in the course of employment. It is presently before the Court for disposition of plaintiff's motion pursuant to Rule 56 of

the F.R.Civ.P. for partial summary judgment on the issue of liability.

Summary judgment may only be entered where there exists no genuine issue as to a material fact or facts. It is the accepted rule in this Circuit that upon a motion for a summary judgment it is no part of the Court's function to decide issues of fact, but solely to determine whether there is an issue of fact to be tried. All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment. Associated Hardware Supply Co. v. Big Wheel Distributing Company, 355 F.2d 114, 17 A.L.R.3d 998 (3rd Cir. 1966); see also Sarnoff et al. v. Ciaglia, 165 F.2d 167 (3rd Cir. 1947).

Plaintiff contends, by reason of affidavits filed, that no issue of material fact exists and that the alleged negligence of the defendant is not in dispute. The defendant contends otherwise and additionally contends that the contributory negligence of the plaintiff is properly in issue involving questions of fact which should be submitted to a jury. Furthermore, defendant contends that portions of the affidavits upon which plaintiff relies should be stricken.

We have carefully reviewed the affidavits submitted by both parties. Mere reference to same indicates the complicated factual situation here involved requiring, in oral argument, the submission of a detailed diagram or drawing and further requiring the most careful and tedious explanation. The moving party has the burden of demonstrating that there is no genuine issue of material fact. Kress, Dunlap & Lane, Ltd. v. Downing, 286 F.2d 212 (3rd Cir. 1960). He has sought to meet this burden by way of extended and detailed affidavits, the submission of a rather complicated diagram and a most able argument by his counsel. However, under the decisions, the Court is obliged to resolve any doubts against the party having the burden. In reading and rereading the affidavits submitted, the Court

would be less than completely candid if it did not concede that some doubts remain as to genuine issues of fact pertinent to the ultimate disposition of the case. Under such circumstances, the Court would not be warranted in entering summary judgment. Therefore, motion of the plaintiff for a partial summary judgment will be denied.