UNITED STATES of America at the relation of and for the Use of PNEUMATIC & ELECTRIC EQUIPMENT COMPANY, Inc. (a Penna. Corp.)

v.

The CONTINENTAL INSURANCE COMPANY, Philadelphia, Pennsylvania.

No. 43036.

United States District Court
E. D. Pennsylvania.

May 6, 1968.

George Ashe, Wyncote, Pa., for plaintiff.

E. Paul Maschmeyer, Marshall, Dennehey & Warner, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This matter is before the Court for disposition of plaintiff's motion pursuant to Rule 56 of the F.R.Civ.P. for summary judgment.

The Philadelphia Shipyards, Inc., (hereinafter referred to as Shipyards) was a private ship repair facility located in Philadelphia, Pennsylvania, which performed various ship repairs for private shipowners and the Maritime Administration of the United States Government. Among the ships repaired for the Maritime Administration was the S. S. Sharon Victory (hereinafter referred to as Victory), a World War II freighter. The defendant, Continental Insurance Company, pursuant to the provisions of the Miller Act, 40 U.S.C. §§ 270a–270d, underwrote a bond naming the United States Government as the beneficiary and Shipyards as principal, whereby it was agreed that, upon default of its principal, defendant would "make payment to all persons supplying labor and materials in the prosecution of the work" performed on the Victory.

The Pneumatic and Electric Equipment Company, Inc., leased certain heavy-duty air compressors and accessories to

Shipyards which were to be used for the purpose of ship repairs. On January 31, 1967, Shipyards filed a Petition for Arrangement in this Court under Chapter XI of the Bankruptcy Act, Cause No. 29711. Being unable to present a satisfactory plan it was thereafter adjudicated a bankrupt. At the time of the filing of the petition for arrangement there was due Pneumatic and Electric Equipment Company, Inc., the sum of $5,149.00 for the rental and servicing of equipment. Based upon the payment bond, Pneumatic and Electric Equipment Company, Inc., has commenced this action pursuant to 40 U.S.C. § 270a(2) as a statutory beneficiary of the bond (hereinafter referred to as use-plaintiff) for $5,149.00, together with interest and costs, and has filed the motion for summary judgment which is presently before this Court for disposition.

The defendant contends that the amount prayed for by use-plaintiff includes charges for leased equipment used at the Shipyards prior to the arrival and after the departure of the Victory and for leased equipment used on other ships while the Victory was at the Shipyards; furthermore, the defendant contends that payments were made for leased equipment used to repair the Victory and have not been credited to the amount prayed for by use-plaintiff.

■ Whether or not the non-moving party has submitted affidavits or similar material, the burden is on the moving party to establish that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Kress, Dunlap & Lane, Ltd. v. Downing, 286 F.2d 212 (3rd Cir. 1960). Although use-plaintiff asserts in his brief that any payments made by Shipyards were applied to charges for equipment used on ships other than the Victory and were not specifically designated by Shipyards to be applied to charges for equipment used on the Victory, he does not carry the burden of supporting this contention by affidavit.

■ In addition, the moving party is not entitled to the benefit of favorable inferences to be drawn from his moving papers. Instead the matters presented in connection with the motion must be construed most favorably to the party opposing the motion. Sarnoff et al. v. Ciaglia, 165 F.2d 167 (3rd Cir. 1947). The defendant has submitted to the Court the Affidavit of William A. Clarke, Jr., a former officer of Shipyards, wherein he attests that the rental charges allegedly due use-plaintiff are, in part, for air compressors used on other ships while the Victory was in the Shipyards and infers that periodic payments of rental fees were made by Shipyards covering rentals for compressors used on the Victory. Use-plaintiff, supported by affidavits, opposes these contentions of the defendant's affiant and proceeds to attack his credibility and qualifications.

■ It is readily apparent that use-plaintiff's failure to support by affidavit his contention that payments were not specifically appropriated and defendant's counter-affidavit of William A. Clarke, Jr., create genuine issues of material fact as to the use, and payments made for such use, of air compressors on the Victory. These factual issues are not resolved by attacking the credibility and qualifications of defendant's affiant for Rule 56 does not permit the Court to assess his credibility on a motion for summary judgment. Associated Hardware Supply Co. v. Big Wheel Distributing Company, 344 F.2d 114 (3rd Cir. 1966). Accordingly, use-plaintiff's motion for summary judgment will be denied.