**HURCHELL GREENAWAY, d/b/a ISLAND INN, Plaintiff**

**v.**

**FAITH DANE JOHNSON, Defendant**

Civil No. 657/1977

Territorial Court of the Virgin Islands

Div. of St. Croix

July 26, 1977

JEAN–ROBERT ALFRED, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

FRANK PADILLA, ESQ., Frederiksted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

#### MEMORANDUM OPINION AND ORDER

This is an action for recovery of unpaid rents and for restitution of premises brought by plaintiff against defendant. Defendant has raised the affirmative defense of the

applicability of the rent control law of the Virgin Islands, 28 V.I.C. § 831, et seq.

The case came on for trial before this Court on July 15, 1977, at which time plaintiff presented evidence, the substance of which follows. The narrative herein contained shall be deemed to comply with the requirements of Rule 52(a) for the purpose of entry of findings of fact and conclusions of law.

Plaintiff is the owner of premises located at No. 27 Prince Street, Christiansted, St. Croix, which he operates under the business name, style or designation of Island Inn. He has obtained a license for the operation of his business, said license covering the operation of a "hotel, guesthouse and restaurant." In or about September, 1976, plaintiff rented an apartment unit located in said premises to the defendant at an agreed rental of $235.00 per month. The agreement was an oral agreement and provided that defendant was obligated to take care completely of the unit she had rented. This unit contained a bed-living room and bathroom as well as kitchen facilities consisting of a stove and refrigerator. Significantly, no maid service was supplied nor was there any obligation on the part of the plaintiff to supply curtains for the windows, toilet tissue for the bathroom, linens for the beds, nor any other services except the provision of water. The provision of water, however, did not obligate the plaintiff, according to his testimony, to supply hot water, although the facilities therefor existed and it appeared that hot water was supplied.

The plaintiff also provided an air conditioning unit in the premises, as well as a ceiling fan, both of which were controllable from within the rented unit. The subject unit was the only unit rented on a month to month basis, this unit having been expressly rented on such a basis from the 6th day of each month to the 6th day of each subsequent month.

The building consists of ten rooms, of which defendant's unit is one. Defendant, having taken possession of the unit in September, 1976, paid her rent for a period of two or three months at the rate of $235.00 per month, but thereafter failed to pay the agreed-upon rent which, as of March 6, 1977, had an unpaid balance of $370.00 and which, when the months of April, May, June and July have been added, increase the sum allegedly due to $1,310.00. There has been marked in evidence a demand letter dated March 22, 1977, which was hand-delivered to the defendant, as well as a notice to quit dated March 31, 1977, also delivered by hand, and a letter from defendant's former counsel to plaintiff dated March 30, 1977, which specifically directs itself to the issue of eviction of *tenants* by *landlords* (Emphasis added).

The only other pertinent testimony consisted of the plaintiff's statement that a unit comparable to that rented by defendant, if rented on a daily basis, would bring $16.00 per day with maid services, or $80.00 per week without maid service. Plaintiff asserted that the premises, prior to his acquisition of title, were operated as the "Pink Fancy Hotel" and that at the time he acquired title, one tenant was in the premises who was paying a rental of $60.00 per week without maid service. No further testimony was adduced as to the arrangements between plaintiff and this remaining tenant.

At this juncture, plaintiff rested and defendant thereupon made a motion for an involuntary dismissal pursuant to Rule 41(b) Fed. R. Civ. P. The Court took the matter under advisement and requested that counsel submit written memoranda concerning the issue of whether or not the rent control statutes were applicable, and any other matter which either of them deemed pertinent to a response to Defendant's motion. Both parties having now submitted their memoranda, and the Court having considered the

same, the Court will dispose of the defendant's motion by granting same.

■ It is urged by plaintiff that 28 V.I.C. § 845 expressly exempts "hotels or *transient* lodging houses" from the applicability of rent control law (emphasis added). This, however, this Court finds to be an overbroad application of the language of that statutory section. As was said in Kress, Dunlap & Lane, Ltd. v. Downing, 4 V.I. 227, 286 F.2d 212 (1960), the obvious aim of the Code is to stabilize rents at or about the level prevailing on the critical date for such period as a public emergency with respect to the shortage of housing and business accommodations shall continue.

■ At the outset, it should be noted that no effort was made by plaintiff to establish the termination of the housing emergency. Accordingly, this Court is required to proceed under the theory that the rent control laws, insofar as they may be otherwise applicable, remain in full force and effect. The rent control laws specifically provide that the rent chargeable for real property in the Virgin Islands shall be the rent charged on the critical date, July 1, 1947, if such premises were then rented or if not then rented, at the first rent charged thereafter, or a rental administratively determined. 28 V.I.C. § 834; Kress, supra.

This requirement, however, must be read in conjunction with the definitions contained in 28 V.I.C. § 831 and, more specifically, the definitions of "accommodations," "landlord," and "tenant." Also to be considered is the meaning of the exemption section 28 V.I.C. § 845. In order to determine whether the exemption section is here applicable, we must first determine whether the premises constitute a "hotel or *transient* lodging house(s)." (Emphasis added.)

■ Clearly, insofar as the premises 27 Prince Street, Christiansted, operated as Island Inn, is used as a hotel, it is

485

exempt from the rent control law, but it does not necessarily follow that the individual unit occupied by the defendant herein falls within that definition. "There is nothing inconsistent or unusual in a house of public entertainment having a double character, that is, being simultaneously a boarding house or rooming house and an inn or hotel." Asseltyne v. Fay Hotel, 23 N.W.2d 357 (1946); 40 Am.Jur.2d, Hotels, Motels, etc., section 7. The mere possession of a license designating premises as a hotel, guesthouse and restaurant is not sufficient to meet the burden of proof of that status as required by the law; that is, by a preponderance of the evidence. Sherman Investment Co. v. United States, 199 F.2d 504. Among the many things that must be considered to establish the principal relationship created by the occupancy of a room or rooms in a building are the application of special rates for prolonged stays, the agreement by the landlord to perform certain services or, on the other hand, to eliminate the same, the obligation of the landlord to provide all of the immediately necessary things required by a temporary sojourner, or the lack of such requirement of such things, including but not being limited to, the provision of maid and linen service, toilet tissue and paper towels in bathrooms, the use of the general facilities of the premises or the prohibition against such use, and the intention of the parties which may be inferred from the foregoing items or which is otherwise evidenced. Meecham v. Galloway, 52 S.W. 859.

In fact, this position is further supported by the provisions of 27 V.I.C. § 407 which specifically makes reference to the fact that a guest who stays in a hotel for a period of time beyond the period of his reservation without the consent of the hotel is deemed to be illegally remaining on the premises and is subject to summary eviction in accordance with the requirements of section 407.

Let us explore the distinction between a tenant and a guest a little further, from the standpoint of an innkeeper as opposed to a landlord. "An innkeeper is one who holds himself out to the public as prepared to accommodate all travelers with the *necessities for a temporary sojourn.* This distinction excludes ... one who furnishes lodgings without food, *one who keeps a boarding house for those planning to make a stay of long duration.*" 4 Williston, Contracts (Rev.Ed.), section 1066 (Emphasis added).

Further, in 4 Williston, Contracts (Rev. Ed.), section 1067, it is said, "It is, therefore, essential to determine who is a guest. He is a *temporary sojourner* who for a price paid, or to be paid, is furnished with either food or lodging or who is received for the purpose of being so served. *One who makes an inn his home permanently or under a special contract for a long period is a boarder and not within the definition of a guest.*" (Emphasis added.)[1]

From the evidence adduced as aforesaid, this Court is unable to determine the date upon which the premises were constructed or first rented for a purpose encompassed by the rent control law. It follows, therefore, that if the conclusion is reached that the rent control law is applicable to the premises occupied by defendant, plaintiff will have failed to sustain his burden of proof as required by 28 V.I.R.&R. § 833–6(b) or (c).

The record is devoid of any evidence which would establish "that the rent is no greater than the amount for which the tenant is liable for the month preceding the default." 28 V.I.R. &R. § 833–6(b).

On all the evidence, specifically the exclusive use of the subject unit by defendant, the election by the landlord not to render services which would clearly be rendered to a transient guest, the failure to provide meals by the landlord, the agreement to rent for a long period of time at

[1] See also 40 Am.Jur.2d, Hotels, Motels, etc., sections 6, 7, and 22.

a special rate, the prohibition against the use of certain of the hotel facilities by the defendant, the lack of maid service, and such other variations from the norm as evidenced themselves in the testimony, I am constrained to find that as to this unit, this defendant was a tenant and this plaintiff was a landlord within the meaning of the definition contained at 28 V.I.C. § 831. Additionally, I find that as to this specific unit occupied by this specific defendant, the exemption provision of 28 V.I.C. § 845 is not applicable as these premises do not constitute a hotel or transient lodging house as that phrase is used in the statute. For the foregoing reasons, I am constrained to grant defendant's motion pursuant to Rule 41 (b) Fed. R. Civ. P., dismissing the complaint. As is indicated above, the holding herein is restricted to the facts present in the case at bar.

## ORDER

On the findings of fact and conclusions of law recited above, it is

ORDERED; ADJUDGED AND DECREED that plaintiff's complaint be and the same hereby is dismissed, costs and attorney's fees to be awarded to defendant upon the filing of an appropriate affidavit in re attorney's fees and a bill of costs; and it is further

ORDERED, ADJUDGED AND DECREED that the provisions of this Court's order entered on July 6, 1977, relative to the payment of attorney's fees by defendant to her counsel shall remain in full force and effect.