**THE WEST INDIAN COMPANY, LIMITED, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

and

**THE LEGISLATURE OF THE VIRGIN ISLANDS,**
Intervenor

and

**Helen W. Gjessing, Individually and as President of Save Long Bay Coalition, Inc.; Leonard Reed, Individually and as President of Virgin Islands Conservation Society, Inc.; Kate Stull, Individually and as President of League of Women Voters of the V.I., Inc.; Lucien Moolenaar, Individually and as President of Virgin Islands 2000, Inc.; Ruth Moolenaar, Individually and as Director of the St. Thomas Historical Trust, Inc., Intervenors**

Civil No. 1986/293

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 13, 1987

Maria T. Hodge, Esq. (Argued), St. Thomas, V.I., and Sanford C. Miller, Esq., New York, N.Y., *for the West Indian Company, Limited*

Rhys S. Hodge, Esq. (Argued), St. Thomas, V.I., *for Legislature of the Virgin Islands*

*Attorneys for Intervenor Gjessing, et al.*

David A. Bornn, Esq., St. Thomas, V.I.

Edith L. Bornn, Esq., St. Thomas, V.I.

Judith L. Bourne, Esq., St. Thomas, V.I.

Benjamin A. Currence, Esq. (Pallme & Mitchell), St. Thomas, V.I.

Veronica J. Handy, Esq., St. Thomas, V.I.

Stedmann Hodge, Esq., St. Thomas, V.I.

Brenda Hollar, Esq. (Argued), St. Thomas, V.I.

David Iverson, Esq., St. Thomas, V.I.

Aurelia Rashid, Esq., (Birch, deJongh & Farrelly), St. Thomas, V.I.

Denise Reovan, Esq. (Law Offices of Desmond Maynard), St. Thomas, V.I.

*Of Counsel:*

Gilbert L. Finnel, Jr., Esq., Houston, Texas

O'BRIEN, *Judge*

## MEMORANDUM OPINION

The plaintiff and Helen W. Gjessing, et al., as citizen intervenors, have each filed a motion for summary judgment in this matter. The Legislature of the Virgin Islands, as intervenor, opposes the plaintiff's motion. We grant summary judgment herein in favor of

the plaintiff, and deny the relief sought by the citizen intervenors. By so doing, we convert a previously entered preliminary injunction into a permanent injunction, barring interference with the plaintiff's rights under a Memorandum of Understanding entered into in 1973, and certain Addenda thereto.

## I. FACTS

This case has previously been the subject of a lengthy published opinion. West Indian Co. v. Government of the Virgin Islands, 643 F. Supp. 869 (D.V.I. 1986), aff'd Appeal Nos. 86-3577, 86-3578, Slip. Op. February 26, 1987 (3d Circuit).

The material facts were spelled out in detail in that opinion. Since its issuance, additional documents have been filed in conjunction with the motions for summary judgment, but they do not alter the essential fact pattern or the legal interpretation of those facts.

For the purpose of deciding the motions before us, we adopt in full the findings of fact as recited in West Indian Co., supra at 870–73. Since the record before us is almost exclusively documentary, the material facts are not in dispute. The legal interpretation of those facts, however, is sharply contested.

The prior opinion was issued upon a motion for a preliminary injunction, whereby the plaintiff sought to enjoin the Government of the Virgin Islands and other parties from interference with its rights to dredge and fill land in St. Thomas harbour under a certain Memorandum of Understanding dated October 3, 1973. The Memorandum had previously been approved as to content by the Legislature of the Virgin Islands by Act No. 3326 in 1972. The plaintiff, the United States of America, and the Government of the Virgin Islands were parties to that agreement, as were certain other persons. Subsequent to its execution, two Addenda were also entered into, one of which was substantive in nature. It was also approved by the Legislature of the Virgin Islands by Act No. 4700 in 1982.

The Memorandum of Understanding was intended to resolve a dispute among the parties as to the rights of the plaintiff preserved in the 1917 treaty between Denmark and the United States by which the Virgin Islands became a possession of the United States. In effect, it settled a lawsuit over the nature and extent of those rights, brought by the United States under Civil No. 1968/337 (St. Thomas & St. John Division).

The subsequent Addenda further clarified the plaintiff's rights and left the plaintiff free to commence the dredging and filling of submerged lands in St. Thomas harbour. This it proceeded to do in 1986. The resulting public furor caused the duly elected members of the Legislature to enact, over the governor's veto, Act No. 5188, repealing Act Nos. 3326 and 4700, which, in effect, repudiated the Memorandum of Understanding and its Addenda. This, of course, wiped out all of plaintiff's agreed-upon dredging rights, and led to the lawsuit herein.

As noted earlier, a full exposition of the facts is contained in West Indian Co., supra at 870–73.

The grant of a preliminary injunction to the plaintiff was appealed to the Third Circuit on a variety of grounds, only some of which had been raised in this Court earlier.

## II. DISCUSSION

### A. *The Motions for Summary Judgment*

■ It is well settled that cross-motions for summary judgment do not warrant the court in granting summary judgment unless one of the moving parties is entitled to judgment as a matter of law upon facts that are not genuinely disputed. Manetas v. International Petroleum Carriers, Inc., 541 F.2d 408, 413 (3d Cir. 1976); Rains v. Cascade Industries, Inc., 402 F.2d 241, 245 (3d Cir. 1968); F.A.R. Liquidating Corp. v. Brownell, 209 F.2d 375, 380 (3d Cir. 1954).

■ The party who moves for summary judgment has the burden of demonstrating that there is no genuine issue of fact. Kress, Dunlap & Lane, Ltd. v. Downing, 286 F.2d 212, 215 (3d Cir. 1960). As we have previously stated, the facts in this case are largely drawn from submitted documents. They are not genuinely disputed.

### B. *Assertions of the Parties*

In their response to the plaintiff's motion for summary judgment, and in their own cross-motion for summary judgment, the citizen intervenors raise essentially the same legal arguments which were raised earlier to no avail on the same set of material facts. Likewise, the Legislature of the Virgin Islands makes the same argument it made before us originally, and thereafter on appeal to the Third Circuit.

These primary arguments, made in this Court earlier, on appeal, and again with reference to summary judgment, are:

179

(1) The public trust doctrine prevented the government from being a party to the 1973 Memorandum of Understanding and Addenda thereto. Therefore, the government acted illegally and the repeal of those actions by a subsequent legislature was valid.

(2) The repeal of the previous agreements entered into by the government was a valid exercise of the police power, even in the face of the Contract Clause contained in the U.S. Constitution Art. I, Section 10 and the Revised Organic Act of 1954, Section 3.

The citizen intervenors and the Legislature repeat these arguments again in their filings concerning the motions for summary judgment. These same arguments were rejected by us in West Indian Co. v. Government of the Virgin Islands, supra, 643 F. Supp. at 873–83. They were also rejected without discussion by the Third Circuit. (Appeal Nos. 86-3577, 86-3578, Slip. Op. February 26, 1987).

No additional material facts have been presented since the time of our earlier opinion, and no new or more persuasive legal arguments have been offered by any of the intervenors which would cause us to alter our previous legal rulings with reference to the public trust doctrine and the police power assertions. We stand on our previous rulings concerning these contentions, and once again, reject them.

The intervenors do raise before us a new claim that the Rule Against Perpetuities was violated by the Memorandum of Understanding and its Addenda. This argument was briefed and presented to the Third Circuit in the appeal of our entry of a preliminary injunction. The Third Circuit, at page 4 of its slip opinion, noted that it had given "full consideration of the matters set forth in the briefs and at oral argument". Thus, we assume that the contentions concerning the Rule Against Perpetuities were considered and rejected by the Third Circuit. Since this is our first review of this argument, we discuss it briefly.

The common law Rule Against Perpetuities is enunciated in the Restatement of Properties (1944), Sections 370–403, and the Restatement (Second) of Properties (1981) Sections 1.1–2.2. The citizen intervenors contend that because the rule is contained in the restatements of the law, it must be applied in the instant case under Virgin Islands law. We disagree. The Rule Against Perpetuities is inapplicable to the matter herein. Title 1, Section 4 of the Virgin Islands Code states:

The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, *in the absence of local laws to the contrary.* (Emphasis added.)

In this instance the Memorandum of Understanding, dated October 3, 1973, was executed by the governor of the Virgin Islands only after its terms had been previously approved by the Ninth Legislature of the Virgin Islands on October 30, 1972 (Act No. 3326). Likewise, the Second Addenda to the Memorandum of Understanding, dated September 22, 1981, was ratified and approved by the Fourteenth Legislature on April 7, 1982 (Act No. 4700). By its terms, the Second Addenda has "the full force and effect of law."

■ It is clear, then, that even if applicable, the Rule Against Perpetuities was modified by adoption of local laws to the contrary.

The Restatement of Property (1944) in effect until 1981, recognizes that the Rule Against Perpetuities is the common law of each jurisdiction in the United States only "[i]n the absence of a statutory abrogation or modification." Restatement of Property, Part I, Intr. Note, p. 2133. The same language is carried over in the Restatement (Second) of Property adopted in 1981, Vol. I, p. 11. The effect of a legislative enactment is to supercede the common law rules. Dague v. Piper Aircraft Corp., 418 N.E.2d 207, 213 (S.C. Ind. 1981); Drennan v. Security Pac. Nat. Bank, 621 P.2d 1318, 1327 (S.C. Cal.), cert. denied, 454 U.S. 833, 102 S.Ct. 132 (1982).

This remaining primary argument of the citizen intervenors, is, therefore, without merit.

The citizen intervenors, beyond the three primary arguments, raise a variety of other issues on pages 66–68 of their brief in response to plaintiff's summary judgment motion. Many of them are subsumed in our discussion of the three primary contentions. The remainder of them are without merit, being listed as disputes of material facts, when in reality they are legal arguments and/ or interpretations of facts not actually in dispute.

## III. CONCLUSION

■ We have discussed the public trust and the police power vs. contract clause arguments in our earlier opinion. We discussed the

final primary argument concerning the applicability of the Rule Against Perpetuities herein. We conclude that the plaintiff is entitled to a permanent injunction, enjoining the Government of the Virgin Islands and all intervenors from interference with the rights of the plaintiff arising under the Memorandum of Understanding and its Addenda. Act No. 5188 is an unconstitutional interference with those rights, a violation of the Contract Clause as contained in both the Constitution and the Revised Organic Act.

Since the counterclaim by the citizen intervenors and their cross claim against other parties are rendered moot by the grant of a permanent injunction, they will be dismissed.

## ORDER

THIS MATTER came before the Court on a motion by the plaintiff for summary judgment and a cross-motion by Helen W. Gjessing, et al. for summary judgment. The plaintiff also previously filed a motion to dismiss the counterclaim and the Government of the Virgin Islands moved to dismiss the citizen intervenors' cross claim. The Court having filed its memorandum opinion of even date herewith, now therefore it is

ORDERED:

THAT the motion of the plaintiff for summary judgment is GRANTED, and a permanent injunction will issue thereon; and

THAT the motion of Helen W. Gjessing, et al. for summary judgment is DENIED; and

THAT the motion of the plaintiff to dismiss the counterclaim is GRANTED, and it is hereby DISMISSED, WITH PREJUDICE; and

THAT the motion of the Government of the Virgin Islands to dismiss the cross claim of Helen W. Gjessing, et al. is GRANTED, and it is hereby DISMISSED WITH PREJUDICE.

## PERMANENT INJUNCTION

THIS MATTER is before the Court on motion of the plaintiff for summary judgment, and a cross-motion of Helen W. Gjessing et al. for summary judgment. In an opinion issued of even date herewith, we find that the adoption by the Legislature of the Virgin Islands of Act No. 5188, which repealed Act Nos. 3326 and 4700, is an unconstitutional interference with the rights of the plaintiff under a certain Memorandum of Understanding dated October 3, 1973,

and Addenda thereof, dated October 28, 1975, and September 22, 1981, respectively. The Government of the Virgin Islands was a party to the Memorandum of Understanding and its Addenda, and the substantive contents were approved by the Legislature by Act Nos. 3326 and 4700.

The premises considered, now therefore it is

ORDERED and ADJUDGED:

THAT the Government of the Virgin Islands, the Legislature of the Virgin Islands and the citizen intervenors above captioned, be and the same are PERMANENTLY ENJOINED from any and all interference with the rights of The West Indian Company, Limited, arising under the Memorandum of Understanding dated October 3, 1973, as amended on October 28, 1975, by the First Addendum, and on September 22, 1981, by the Second Addendum thereto.