EHRLICH, Justice,
dissenting.
I dissent from the judgment of the Court and the opinion of the majority.
In 1976, this Court decided Carter v. Sparkman. At issue was the constitutionality of chapter 75-9, Laws of Florida, the Medical Malpractice Reform Act. Of cardinal significance was the fact that the legislature perceived a crisis in health care delivery since “there was an imminent danger that a drastic curtailment in the availability of health care services would occur in this state.” 335 So.2d at 805. In an attempt to resolve the crisis which it found to exist, the legislature exercised its police power and enacted a comprehensive remedial package revolving around medical mediation panels. This Court upheld the constitutionality of that legislative program with but one exception. Section 768.133(10) of chapter 75-9, Laws of Florida, provided that in a civil medical malpractice action, the trial on the merits would be conducted without any reference to insurance, insurance coverage, or joinder of an insurer as a co-defendant. We specifically noted that “[t]he Legislature intended to bar only ‘any reference’ to the joinder of insurers rather than the join-der itself.” 335 So.2d at 806. We held that section unconstitutional, however, because such references during the course of a trial are purely procedural; for the legislature to attempt to control “references” in this regard was beyond its powers.
In a move apparently grounded in a combination of the rarely used police power inherent in the judiciary, Petition of Florida State Bar Association, 40 So.2d 902 (Fla.1949), as well as the Court’s constitutional *315 rulemaking authority, this Court then singularly adopted the substance of the then-unconstitutional section 768.133(10) as a rule of procedure. That rule was designated as rule 1.450(e), the rule at issue today. We adopted the rule “[i]n view of the apparent wisdom of continuing the policy expressed in the questionable portion of this statute.” 335 So.2d at 806. Our referent was the public health crisis so vividly found by the legislature.
At the time of Sparkman this Court was not unmindful of its holdings in Shingleton and its progeny: the joinder of the liability insurer as a real party in interest so as to reflect financial responsibility, the free disclosure of the identity of the insurer during trial, and a proscription against severance of the insurer absent stated reasons relating to coverage. Nonetheless, Sparkman carried an exception to the Shingleton rule in adopting rule 1.450(e) in that it would apply only in civil medical malpractice actions, and to no other type of action. In adopting this rule, the Court did not recede from Shingleton or its progeny. Our adoption of rule 1.450(e) in Sparkman was unique and exceptional.
This Court obviously had some question about the effect of Aldana on rule 1.450(e) and solicited the views of the Civil Procedure Rules Committee of The Florida Bar as well as other interested parties concerning the continuing effectiveness of this rule as well as a similar rule for other types of action, and requested that proposals on this issue be submitted to the Court as soon as practicable.[1] After a prolonged delay, in 1982 the Civil Procedure Rules Committee recommended by a unanimous vote that rule 1.450(e) be deleted, and by a vote of 15-6 that the rule not be extended to other types of action. Other parties also submitted briefs, letters and resolutions, both in favor of and against rule deletion and the adoption of a similar rule for other types of actions. The Court now says that “the public policy reasons” which prompted the adoption of the rule still exist. Presumably, the Court is referring to the enactment by the 1975 legislature of section 768.-133. In my view, Aldana administered the coup de grace to any such public policy rationale which may have prompted the Court to adopt rule 1.450(e), when we view Shingleton and its progeny.
By its holdings in Markert and Cozine, handed down subsequent to Aldana, the Court reaffirmed the viability of Shingle-ton. In the instant case, however, the Court continues to carve out an exception in medical malpractice claims without any rational precedential justification except to say that the four-year cycle for reviewing proposed rule changes will soon be upon us and we can readdress the issue at that time, and that surely someone will challenge the constitutionality of section 627.7262, Florida Statutes (Supp.1982), and that such action will give the Court the further opportunity to revisit the issue. I perceive the role of the Court to be to address and resolve issues as and when they are presented and not to temporize on the premise that the issue will soon be with us again. This Court itself invited and initiated the inquiry before us and should resolve it at this time without continuing to countenance the disparate treatment of litigants which the rule permits.
The rule should now be deleted because the underpinning of the rule has been abolished by Aldana. With our Aldana holding, the underlying medical mediation act was held to be unconstitutional. This has left rule 1.450(e) without its philosophical or practical foundation. With its raison d’etre gone, the rule has lost its justification for existence. A rule “depending upon the existence of an emergency or other certain state of facts to uphold it may cease to operate if the emergency ceases or the facts change even though valid when passed.” Chastleton Corp. v. Sinclair, 264 U.S. 543, 547—48, 44 S.Ct. 405, 406, 68 L.Ed. 841 (1924). See also Home Building & Loan *316 Association v. Blaisdell, 290 U.S. 398, 54 S.Ct. 231, 78 L.Ed. 413 (1934). This is the situation as to the instant rule. The legislative program of which it was a part has been declared unconstitutional and has been stricken; the rule thus depends upon and supports a package of laws that is no longer valid. While valid under Sparkman, the rule has now, in essence, been impliedly invalidated because of our actions in Alda-na. Since its foundation has been eliminated, rule 1.450(e)’s reason for existence has been eliminated also. Rule 1.450(e) should be deleted from the Florida Rules of Civil Procedure.
ADKINS and BOYD, JJ., concur.

. The Fla. Bar. In Re Rules of Civil Procedure, 391 So.2d 165 (Fla.1980).